IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **HALEY HEILMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 18-cv-03260 |
| | ) |
| **MAGGIE BURKE, et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the parties' responses to the Court's disclosure of potential conflicts. Upon review of the parties' responses, the Court declines to recuse in this matter.

### I. BACKGROUND

On May 29, 2019, this Court held a Video Status Conference at which the Court disclosed her daughter was recently hired by the Exoneration Project at the University of Chicago, which has an affiliation with Loevy & Loevy, the firm representing Plaintiff. The Court looked at the Exoneration Project's website and noted a number of attorneys listed on the staff of the Exoneration Project as being with Loevy & Loevy.

On June 12, 2019, Defendants Rachelle Aiken, Beatrice Calhoun, Josh Edwards, Jacob Gerringer, Justin Gannon, Kelby Jasmon, Christopher Lynch, Legna Velazquez, Annette Veech, Angel Wilson, Margaret Burke, Nicole Veech, Chase Goleash, and Todd Sexton filed a response (d/e 37) noting that the Court's daughter works for the Exoneration Project, which lists among its staff five attorneys of the firm Loevy & Loevy.  Defendants believe the situation warrants recusal to avoid the appearance of any conflict of interest.

Plaintiff responds (d/e 43) that Loevy & Loevy is a for-profit civil rights firm that employs nearly 50 attorneys.  The Exoneration Project is an innocence project affiliated with the Arthur Kane Center for Clinical Legal Education at the University of Chicago Law School.  The Exoneration Project receives its funding from Loevy & Loevy.  Many of the Exoneration Project's ten attorneys work with Loevy & Loevy, although the Court's daughter does not.

Plaintiff further states that the Court's daughter works exclusively on post-conviction matters for the Exoneration Project. None of the attorneys litigating this case—Julie Goodwin or Sarah

Grady[1]—work with the Court's daughter on any cases. The Court's daughter does not work on any of Loevy & Loevy's cases. In addition, the Court's daughter is automatically screened from any involvement in cases in which the Court presides.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of § 455(a) is to "promote public confidence in the integrity of the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988).

The test for recusal under § 455(a) asks whether "an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." United States v. Herrera-Valdez, 826 F.3d 912, 917 (7th Cir. 2016). The inquiry is an objective one. Matter of

---

[1] Plaintiff explains that, while Jon Loevy, the firm's founding partners and one of the attorneys affiliated with the Exoneration Project, has entered an appearance in this case, he has played no substantive role in the litigation and the other attorneys plan to oversee all litigation, including trial. The Court notes that Arthur Loevy entered his appearance in this case. Plaintiff's response does not mention Arthur Loevy, but he is not listed as an attorney at the Exoneration Project.

Hatcher, 150 F.3d 631, 637 (7th Cir. 1998).

Section 455(b) provides specific instances when a judge shall disqualify herself, including where a person within the third degree of relationship to the judge or her spouse has an interest that could be substantially affected by the outcome of the proceeding. 28 U.S.C. § 455(b)(5)(iii). Section 455 is self-executing, meaning a judge must recuse sua sponte when the facts warrant recusal. See Taylor v. O'Grady, 888 F.2d 1189, 1200 (7th Cir.1989).

### III. ANALYSIS

The Court finds that recusal is not warranted here.

Recusal is not warranted under § 455(b)(5) (iii) because the Court's daughter does not have an interest that could be substantially affected by the outcome of the proceeding. The Court's daughter is a salaried employee of the Exoneration Project, and she has no equity interest in Loevy & Loevy or cases with Loevy & Loevy. She does not work on any of Loevy & Loevy's cases and solely works on post-conviction matters for the Exoneration Project.

Even assuming that the Court's daughter is "affiliated" with Loevy & Loevy, this does not disqualify the Court under § 455(b). As noted, the Court's daughter is paid a salary, has performed no

work on this case, and does not represent the Plaintiff in any matter. The Court knows of no interest that her daughter may have that could be substantially affected by the outcome of this proceeding. See Nobelpharma Ab v. Implant Innovations, Inc., 930 F. Supp. 1241 (N.D. Ill. 1996) (finding recusal was not warranted under § 455(b) where the judge's daughter was a salaried, not equity partner, performed no work on the case, and did not represent the party in any legal matter); see also Commentary to Canon 3C(1)(d)(ii) (providing that "[t]he fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge" but that recusal would be necessary under Canon 3C(1)(d)(iii) if "'the judge's impartiality might reasonably be questioned'" or the relative has an interest in the firm that could be "'substantially affected by the outcome of the proceeding'"); United States Comm. on Codes of Conduct Op. 58 (June 2009) ("If a relative is an associate or non-equity partner and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no manner dependent upon the result of the case, recusal is not mandated.").

The Court also finds that recusal is not required under § 455(a). As noted above, the test for recusal under § 455(a) is an objective one that asks whether "an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." Herrera-Valdez, 826 F.3d at 917. Because the test is an objective one, the focus is on how things appear to a "well-informed, thoughtful observer," not a "hypersensitive or unduly suspicious person." In re Mason, 916 F.2d 384, 385-86 (7th Cir. 1990) (noting that "[a] reasonable observer is unconcerned about trivial risks").

The Court's impartiality cannot be reasonably questioned here. The Court's daughter is employed by the Exoneration Project, an entity separate from Loevy & Loevy—even if funded by Loevy & Loevy. While many of the Exoneration Project's attorneys work with Loevy & Loevy, the Court's daughter does not. The Court's daughter is not involved in this case and is, in fact, screened from involvement in cases in which the Court presides. Her work is limited to post-conviction matters, and she does not work on Loevy & Loevy's cases. In addition, the Court's daughter does not have a financial or other interest in this case that would be affected by the

instant case. Under these circumstances, no objective, disinterested observer would conclude that the Court should recuse. See, e.g., Microsoft Corp. v. United States, 530 U.S. 1301(2000) (Rehnquist, C.J., respecting recusal) (declining to recuse where the Chief Justice's son was a partner in the firm appearing before the Court and who represented Microsoft in other matters); Leisure Pass North Am., LLC v. Leisure Pass Group, Ltd., No. 2:12-cv-03375, 2014 WL 12755001, at *2 (D. N.J. Feb. 20, 2014) (finding impartiality could not reasonably be questioned where the judge's son-in-law was an associate with the firm representing the defendant because the firm was large, all of the attorneys working on the case were located in a different office than the son-in-law, the son-in-law never worked on any matter involving the defendant or with any of the attorneys who worked for the defendant, and the son-in-law's compensation was not contingent upon the firm's work for the defendant).

### IV. CONCLUSION

For the reasons stated, the Court will not recuse in this matter.

ENTERED: July 8, 2019

FOR THE COURT:

   s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
