**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| HALEY HEILMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 3260 |
| | ) | |
| v. | ) | |
| | ) | |
| MAGGIE BURKE, et al., | ) | Hon. Sue E. Myerscough, Judge |
| | ) | |
| Defendants. | ) | Hon. Tom Schanzle-Haskins, M.J. |

# EXHIBIT 62

Jon Loevy
Sarah Grady
Stephen Weil
Mariah Garcia
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
mariah@loevy.com

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| HALEY HEILMAN, ) | |
| ) | Case No. 18-cv-3260 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MAGGIE BURKE, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT JUSTIN GANNON'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant, JUSTIN GANNON, by and through his attorney, Kwame Raoul, Attorney General of the State of Illinois, and supplements his responses to Plaintiff's First Set of Interrogatories, with supplemental responses underlined:

1. State the name, address and phone number of every Person who participated in answering these Interrogatories and responding to the accompanying Requests for Production, indicating which particular Interrogatories and Requests were answered by which Person.

**RESPONSE:** See Defendant's separately served objections.

**Notwithstanding said objections, Defendant was assisted by counsel in responding to these interrogatories and Plaintiff's first set of requests for production of documents.**

**According to counsel, the following individuals were contacted to provide documents used in responding to Plaintiff's first set of requests for production of documents: Heidi Browne, Litigation Coordinator at Logan Correctional Center; Tracy Perry, Litigation Coordinator at Decatur Correctional Center; Julie Morgan, IDOC Legal Counsel; Anne Rayhill, IDOC Legal Counsel; and Robert Fanning, IDOC Special Litigation Counsel.**

2. Under oath, please identify the name and address of all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in Defendants' Rule 26 Initial Disclosures; further, please describe with particularity any facts known by each such Person relating to the claims or defenses in this action, including all facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

**RESPONSE:** See Defendant's separately served objections.

Notwithstanding said objections, Counsel for Defendant incorporates by reference his previously served initial disclosures and all subsequent disclosures by any and all Defendants. Defendant does not have personal knowledge of every fact known by each person identified in these disclosures.

3. Please state with specificity your role regarding Plaintiff's Sexual Assault, including but not limited to knowledge of Plaintiff's Complaints prior to the assault, treatment o Plaintiff after the assault occurred, and discipline of Fleming after the assault occurred. For each such role, please describe the Person who assigned you each task, the Person to whom you reported for each task, all Persons who reported to you for any tasks, and state with particularity every Communication you had and with whom. Please note that the scope of this Interrogatory includes all activity to investigate the circumstances of Plaintiff's Sexual Assault, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in Plaintiff's Sexual Assault is
described in the Documents you reference.

**RESPONSE:** See Defendant's separately served objections.

Notwithstanding said objections, I did not have a role in the assault. I do not have knowledge of Plaintiff's treatment after the assault, but by virtue of working movement I was aware that Plaintiff was moved to the Health Care Unit and later off grounds. I do not have knowledge of Jennifer Fleming's discipline, but by virtue of working movement I was aware that Fleming was moved to 15C, where segregation is maintained. I am not aware of any specific complaint by Plaintiff, but many general population inmates were concerned about the inmates previously housed in 15D being spread out among the general population housing units.

4. Please identify every single act or circumstance that you contend caused or played some causative role in Plaintiff's Sexual Assault. For each such act or circumstance, please list every Person involved and describe in detail each Person's role in each act, incident, or circumstance.

**RESPONSE:** See Defendant's separately served objections.

Notwithstanding said objections, I believe that had the inmates previously housed in 15D not been spread out among the general population inmates, the incident probably would not have happened.

5. Please state whether there have ever been any Complaints made against you or any Defendant. For each Complaint responsive to this Interrogatory, please provide the date of each Complaint, a detailed description of the nature of each Complaint, the manner in which you were informed of the Complaint, a Complaint number or other identifying information, and your understanding of the disposition of each Complaint, including the nature of any discipline imposed in connection with the Complaint, if any.

**RESPONSE:** See Defendant's separately served objections.

Notwithstanding said objections, I have received no discipline from the Department of Corrections. I recall two grievances that came to my attention. One was while I was working at Lincoln Correctional Center and complained that I was playing my radio too loudly during Ramadan. The second was when an inmate grieved that I had referred to someone as "bogus."

6. For any Document or tangible item requested in Plaintiff's discovery requests which has been lost, discarded, or destroyed, please identify each such Document or item as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all Persons involved; the reasons for disposing of the Document or item; the identify of any Persons with knowledge of its content; and the identity of the last Person known to have seen it. In answering this Interrogatory, please list all steps taken to discovery Documents or tangible items that have been lost, discarded, or destroyed, and the names of all individuals with knowledge of the steps taken.

**RESPONSE:** See Defendant's separately served objections.

**Notwithstanding said objections, I am aware of none.**

7. Please identify any and all criminal convictions of any person relating to any of the claims or defenses of this action (including you or any other Defendant). For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction; (b) the complete factual basis, if any, as to why the conviction may qualify as admissible; and (c) the identity of the court or other tribunal which heard the matter. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE:** See Defendant's separately served objections.

**Notwithstanding said objections, I am not aware of any convictions of any <u>of the other staff who are defendants in this case</u>. I am not aware of what convictions the inmates have.**

<u>However, in 2004, I pleaded guilty to a Class A misdemeanor for the possession or consumption of alcohol by a minor. The plea was entered in Logan County, Illinois.</u>

<u>According to counsel, the following convictions are shown in IDOC records:</u>

**<u>Inmate Jennifer Fleming, R38997</u>**

1. <u>Robbery – Cook County</u>
2. <u>Armed Robbery – Cook County</u>
3. <u>Armed Robbery – Cook County</u>
4. <u>Robbery – Cook County</u>

**<u>Inmate Haley Heilman, Y16620</u>**

1. **Burglary – Tazewell County**
2. **Poss Amt Con Sub – Tazewell County**

**Inmate Terri Gibbons, R77286**

1. **Theft – Adams County**
2. **Theft – Adams County**
3. **Theft – Adams County**
4. **Violate Stalking No Contact Order – Adams County**

**Inmate Yvonne Williams, R84386**

1. **Violation of Electronic Monitoring – Cook County**
2. **Theft – Cook County**
3. **Retail Theft – Cook County**
4. **Retail Theft – Cook County**

**Inmate Ashley Underwood, R86774**

1. **Mob Action – Calhoun County**
2. **Aggravated Battery – Madison County**
3. **Residential Burglary – Calhoun County**
4. **Possession of Electronic Contraband in Penal Institution – Jersey County**

8. For each Affirmative Defense that you have asserted in this matter, please describe the entire factual basis or bases for each such defense, and identify every Document, Person, or tangible item that you contend supports each such defense. The information sought by this Interrogatory is not a mere recitation of the elements of the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which any defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

**RESPONSE:** See Defendant's separately served objections.

9. Is there any possibility that you will present testimony or any other evidence at trial relating to your finances or inability to pay punitive damages? If your answer is anything but an unqualified "no," please estimate your net financial worth (in dollars). Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 (including a description of any ownership of stock or mutual funds) and including all liabilities. Please also provide an income statement for the ten years prior to the filing of this Complaint, including any income from any source for those years.

**RESPONSE:** See Defendant's separately served objections.

10. Please state whether you, your employees or agents, or your counsel have any Communications with any Person—including but not limited to any other Defendants; prisoners

(including Plaintiff and Jennifer Fleming); employees, agents, or contractors of the Illinois Department of Corrections; employees, agents, or contractors of Wexford Health Sources, Inc.; or any witnesses—regarding Plaintiff, Jennifer Fleming, or any of the events described in Plaintiff's Complaint. For each such Communication, please state with particularity the substance of the communication; identify every Person present during or involved in the Communication; and provide the date of the Communication. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of your knowledge of Communications responsive to this Interrogatory is contained in the Documents that you reference.

**RESPONSE:  See Defendant's separately served objections.**

**Notwithstanding said objections, I have not discussed this case with anyone other than counsel.**

11.    Please identify every interaction between Jennifer Fleming and Plaintiff that you witnessed between January 1, 2017 and February 9, 2017. For each such interaction, please specify, to the best of your recollection, the date and time each interaction occurred; the location; all other individuals, including IDOC staff and prisoners, who were present; what was said and by whom; whether any physical contact was made between Plaintiff and Jennifer Fleming; who initiated that contact and the nature of the contact; and whether you or anyone else took any action regarding the interaction (i.e., interrupting the interaction or participating in any conversation).

**RESPONSE:  See Defendant's separately served objections.**

**Notwithstanding said objections, I do not recall any interaction between Plaintiff and Jennifer Fleming.  I only recall that they were both housed on Housing Unit 8N.**

12.    Please describe any and all training (formal or informal) or instruction you received during your tenure at the IDOC prior to February 2017 about sexual violence in the correctional setting, including but not limited to how to detect and respond to reports or signs of potential sexual abuse (and how to distinguish between consensual sexual contact and sexual abuse between inmates), and your responsibilities under the policies, procedures, and/or practices in place at Logan concerning prisoner-on-prisoner sexual assault or harassment.

**RESPONSE:  See Defendant's separately served objections.**

**Notwithstanding said objections, see the training record produced at BATES 001640. In addition, I received extensive training on PREA both at the Academy and during cycle training.  We are given a laminated card to carry with steps to follow in the event an inmate wishes to make a report.  We are trained on taking reports, separating the parties, how to avoid destruction of evidence, how to secure a scene and any suspect. We are trained to report t\o our Zone Sergeant, Zone Lieutenant and then the Major, although the first supervisor notified usually makes subsequent notifications.  We are also trained to secure witnesses and notify medical staff if needed.**

13.    Do you dispute that you were made aware of sexual harassment and/or potential sexual assault against Plaintiff by Jennifer Fleming on at least one occasion prior to Plaintiff s Sexual Assault? If your answer is anything other than an unqualified "yes," please describe with particularity every instance in which you were made aware of a potential sexual assault against

Plaintiff prior to Plaintiff's Sexual Assault, including the Person who made you aware, the way in which you were made aware, the substance of any Communication (including responses) making you aware, and every action that you took in response to that awareness.

If your answer is in the affirmative, please identify every reason supporting your dispute, and state the first time that you were made aware of Plaintiff's Sexual Assault and/or a potential sexual assault against Plaintiff by Jennifer Fleming.

**RESPONSE: See Defendant's separately served objections.**

**Notwithstanding said objections, Yes, I am disputing that I was made aware of any sexual assault or harassment prior to the report of the sexual assault. Any such report would have been documented and passed along as such complaints are taken seriously.**

14. Do you dispute that the sexual contact that occurred between Plaintiff and Jennifer Fleming on February 5, 2017 at Logan was not consented to by Plaintiff? If your answer is anything other than an unqualified no, please describe with particularity every way in which you dispute any portion of the statement, all facts upon which you rely for each such dispute, all Documents which relate to each such dispute, and all Persons who have knowledge regarding each such dispute.

**RESPONSE:** See Defendant's separately served objections.

Notwithstanding said objections, I have no firsthand knowledge responsive to this interrogatory.

<u>However, Defendant refers Plaintiff to investigational interview of Jennifer Fleming, Bates stamped 003692-003693, where Offender Fleming claims sexual contact was consensual. The interview of Jennifer Fleming was conducted on February 5, 2017, by William Parker and witnessed by Nicole Veech. Based on the content of the investigational interview of Jennifer Fleming, Defendant disputes that the sexual contact was not consensual.</u>

                    Respectfully submitted,

                    JUSTIN GANNON,

                    Defendant,

                    Kwame Raoul, Illinois Attorney General

Jeremy C. Tyrrell, No. 6321649  
Clayton J. Ankney, No. 6320224  
Assistant Attorneys General  
500 South Second Street  
Springfield, Illinois 62701  
(217) 785-4555 Phone  
(217) 524-5091 Fax  
Email: jtyrrell@atg.state.il.us

                    Attorney for Defendant,

By: _____  
      Jeremy C. Tyrrell  
      Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| HALEY HEILMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-3260 |
| ) | |
| MAGGIE BURKE, et al., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, I mailed a copy of *DEFENDANT JUSTIN GANNON*'S FIRST SUPPLEMENTAL *RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES*, by United States Postal Service, to the following:

Arthur Loevy
Jonathan Loevy
Julie Marie Goodwin
Sarah Grady
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607

Jeremy C. Tyrrell
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| HALEY HEILMAN, ) | |
| Plaintiff, ) | Case No. 18-cv-3260 |
| v. ) | |
| MAGGIE BURKE, et al., ) | |
| Defendants. ) | |

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Justin Gannon, declare under penalty of perjury that the facts and information contained in responses to Interrogatories 7 and 14 of Defendant Justin Gannon's First Supplemental Response to Plaintiff's First Set of Interrogatories are true and accurate to the best of my knowledge, information, and belief.

Executed on this 18th day of Feb 2020

_____
Justin Gannon