# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| HALEY HEILMAN | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-3260 |
| MAGGIE BURKE, et al., | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Haley Heilman's Motion to Compel Defendants to Reimburse Plaintiff for Expert Witness Fees Incurred for Depositions (d/e 102) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On February 17, 2021, defense counsel sent Plaintiff's counsel an email regarding Defendants' upcoming depositions of the Plaintiff's experts. The parties agreed that Defendants should pay the expert a reasonable fee for the time spent in responding to discovery, including sitting for a deposition. See Fed. R. Civ. P. 26(b)(4)(E).  Defense counsel's email included citations to authority regarding the Defendants' position on the amount they would be required to pay.  Defense counsel stated that the

amount that the Defendants must pay "may include the actual time of the deposition, some travel time, and reasonable time spent in preparation." Defense counsel further stated their position that they would not be required to pay for time that the expert spent with Plaintiff's counsel preparing for the deposition,

> There is also a wealth of case law that has found that the deposing party should not be compelled to pay for the time the expert spends consulting with retaining counsel to prepare. See, e.g., LK Nutrition, LLC v. Premier Research Labs, LP, 2015 WL 4466632 at *3 (N.D. Ill. July 21, 2015) (time spent strategizing with retaining attorneys primarily benefits retaining party's interests); Waters v. City of Chicago, 526 F. Supp. 2d 899, 901 (N.D. Ill. Dec. 28, 2007) (court eliminated expert request for reimbursement in telephone conversations with retaining counsel before deposition.); Ndubizu v. Drexel Univ., 2011 WL 6046816 at *3 (E.D. Penn. Nov. 16, 2011) ("while an expert may consult with retaining counsel to prepare for a deposition, the deposing party should not be compelled to pay for this time.").

Motion, Exhibit 1, Email Chain. The parties completed their email discussion regarding payment of fees. The deposition was held. Plaintiff paid the experts and submitted bills to the Defendants for reimbursement of the costs incurred by the experts for the depositions, including preparation time. The Defendants refused to pay $800 for time that the experts spent with Plaintiff's counsel in preparation for the depositions. Plaintiff now asks the court to compel Defendants to pay the $800.

ANALYSIS

Generally, a party seeking discovery from an expert must pay the expert a reasonable fee for the time spent in responding to discovery. Fed. R. Civ. P. 26(b)(4)(E). The party seeking discovery from experts receives the benefit of the expert's time and information, and so, should pay a reasonable fee for that benefit. See Waters v. City of Chicago, 526 F. Supp. 2d 899, 901 (N.D. Ill. Dec. 28, 2007). The Court agrees with the cases cited by Defendants in the February 17, 2021 email, quoted above, that the expert's time spent with Plaintiff's counsel is for the benefit of the Plaintiff, not Defendants, and Defendants should not be required to reimburse Plaintiff for this time. See LK Nutrition, 2015 WL 4466632 at *3; Ndubizu, 2011 WL 6046816 at *3.

THEREFORE, IT IS ORDERED that Plaintiff Haley Heilman's Motion to Compel Defendants to Reimburse Plaintiff for Expert Witness Fees *(of $800)* Incurred for Depositions (d/e 102) due to the Plaintiff's counsel's conferring with the experts regarding the deposition is DENIED.

ENTER: September 17, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE