IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HALEY HEILMAN, | ) |
|         Plaintiff, | ) |
| -vs- | )  No. 18-cv-3260 SEM-KLM |
| MAGGIE BURKE, et al, | ) |
|         Defendants. | ) |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF
PORTION OF ORDER DENYING SUMMARY JUDGMENT**

The Defendants, MARGARET BURKE, BEATRICE CALHOUN, GUY CARTER, AADAM COX, JOSH EDWARDS, JUSTIN GANNON, KELBY JASMON, BRANDON LOUNSBERRY, CHRISTOPHER LYNCH, TODD SEXTON, TROY SINGLETON, LEGNA VELAZQUEZ, ANNETTE VEECH, NICOLE VEECH (now PRICE), and ANGEL WILSON, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, move pursuant to Federal Rule 54(b) for reconsideration of this Court's order denying their motion for summary judgment [Doc. 129].

In support of this motion, Defendants provide the following:

**Introduction**

Plaintiff initially filed this action pursuant to 42 U.S.C. § 1983 on October 15, 2018. [Doc. 1]. On June 22, 2021, Defendants moved for summary judgment on all claims. [Docs. 103-04]. Plaintiff responded and Defendants filed their reply. [Docs. 116 & 120].

On June 12, 2023, this Court granted in part and denied in part Defendants' motion for summary judgment. [Doc. 129]. Four of the Defendants were dismissed, along with Plaintiff's Count II (claim of failure to train). [*Id*.]. These Defendants do not challenge the portion of the

Court's order dismissing the four Defendants nor do they challenge the order granting summary judgment on Count II of the operative complaint.

This Court should reconsider its order denying summary judgment for the Defendants listed above because the Court erred by using a standard more closely resembling a negligence standard for the deliberate indifference claim at issue in this case. Further, this Court erred by allowing Plaintiff to proceed on speculative or unestablished facts. Finally, the Court erred by not considering the factual record when determining whether the Defendants were entitled to qualified immunity.

In addition, a new case decided after the Court's summary judgment order entered should be applied to the facts in this matter. The Court's summary judgment order was entered on June 12, 2023. [Doc. 129]. On July 17, 2023, the Seventh Circuit Court of Appeals decided a failure-to-protect appeal affirming summary judgment where a prisoner failed to raise facts to establish causation: *Hunter v. Mueske*, 73 F.4th 561 (7th Cir. 2023). Here, the Court failed to adequately consider causation, which could be dispositive in this matter.

This Court should also reconsider its order denying Defendants' motion with respect to Count III of Plaintiff's action. In assessing whether state-law sovereign immunity applied, this Court failed to apply the factors laid out in *Healy v. Vaupel* as was recently reiterated in a Seventh Circuit opinion entered in *T.S. v. County of Cook*, 67 F.4th 884, 893-95 (7th Cir. May 15, 2023). Moreover, the Court analyzed case law inapplicable to the sovereign immunity determination.

For these reasons, as argued below, this Court should reconsider the portion of its order denying summary judgment to these Defendants.

**Motion for Reconsideration Standard**

Federal Rule 54(b) allows a court to revise an order at any time before the entry of judgment where the order adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties. Fed. R. Civ. P. 54(b).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indust., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996), *quoting Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982). Reconsideration is not appropriate for rehashing arguments or raising new matters that could have been heard during the pendency of the previous motions. *Caisse Nationale*, 90 F.3d at 1270.

**Argument**

**I.     This Court should reconsider its order denying their motion with respect to Count I of Plaintiff's action.**

Defendants seek reconsideration of this Court's order denying their motion as to Count I, a claim of deliberate indifference to Plaintiff's safety. This request is not made to rehash Defendants' summary judgment arguments, but to point out instances where the Court did not hold Plaintiff to her burden. Moreover, recent cases have reaffirmed Defendants' legal positions, which will be analyzed below.

**A.  This Court erred by lowering the deliberate indifference standard.**

Proving a defendant's state of mind is "a vital step on any path to liability." *Wells v. Caudill*, 967 F.3d 598, 601 (7th Cir. 2020). Simple error, negligence, or even gross negligence is not sufficient for any Eighth Amendment claim. *Id.*, *citing Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). Only deliberate indifference to an

excessive risk to inmate health or safety is actionable. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015).

The Eighth Amendment requires prison officials to provide reasonable safety to prisoners; however, that duty does not lead to absolute liability. *Duane v. Lane*, 959 F.2d 673, 676 (7th Cir. 1992), *quoting McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). "Rather, because the Eighth Amendment speaks only to 'punishment,' prison officials who fail to prevent an injury . . . are liable only where those officials possess the requisite mental state." *Duane*, 959 F.2d at 676. In *Farmer v. Brennan*, the Supreme Court established that a plaintiff has the burden to establish the defendant acted with a "sufficiently culpable state of mind." 511 U.S. 825, 834 (1994). This means that a defendant must know of a serious risk to plaintiff's health or safety and consciously disregard that risk. *Id*. at 838. "This subjective standard requires more than negligence and it approaches intentional wrongdoing." *Holloway*, 700 F.3d at 1073. The standard is comparable to that of criminal recklessness. *Farmer*, 511 U.S. at 837.

Here, the Court failed to consider the subjective intent required as to each of the remaining Defendants. The Court analyzed the claims against several of the Defendants on what they should have perceived but did not. For instance, the Court determined that Defendant Wilson was not entitled to summary judgment because Wilson knew of Fleming's disciplinary record and Wilson asked Plaintiff if she had any issues in her room while walking outside of the facility in earshot of other prisoners. But Wilson's prior knowledge of Fleming was that she had previously been incarcerated and believed that Fleming had been in trouble for being loud and that she brought attention to herself. The Court cited to other individuals' knowledge regarding Fleming rather than what Wilson knew [*see* Doc. 129, p. 62, citing to N. Bartelmay Deposition], imputing the others' knowledge onto Wilson. In fact, Wilson was surprised that Fleming

sexually assaulted Plaintiff, because Wilson had <u>not</u> known Fleming to be physically aggressive. [Doc. 104-14, p. 22, at 82:2-83:2]. This same analysis would apply to Calhoun, who learned of Plaintiff's concerns through Wilson. It would also apply to Defendants Carter, Singleton and Edwards, who are alleged to have failed to follow IDOC rules regarding what information to consider when making evaluations for housing classifications and assignments.

This was also significant with respect to the Court's order regarding Defendant Burke. This Court largely disregarded Burke's testimony as to the steps taken and reasoning for moving prisoners from D Wing to other areas of the prison. Yet, there is no question that Burke did not know about Plaintiff's individual circumstances leading up to the assault by Fleming. A claim resembling the one raised against Burke was decided in *Sinn v. Lemmon*, 911 F.3d 412, 422 (7th Cir. 2018). The Seventh Circuit resolved the claim against the prison Superintendent and departmental Commissioner based upon a purported awareness of unsafe conditions, and the claim was resolved in the administrators' favor. The Seventh Circuit determined that administrators like Burke can only be liable for a constitutional violation if aware of (1) a systemic lapse in enforcement of a policy critical for ensuring safety; (2) a pervasive pattern of assaults; or (3) an identifiable group of prisoners at particular risk of assault, like a prison gang, but not based upon isolated instances of inmate-on-inmate brutality. 911 F.3d at 423. The Seventh Circuit affirmed the grant of summary judgment to the administrators, even though the inmate-plaintiff had an expert report that found a causal link between the purported failures and harm to the inmate-plaintiff. *Id*. at 423-24.

This Court failed to consider each Defendant's subjective knowledge in assessing whether Count I should proceed against them and instead looked to what they should have known or should have done differently. Yet, the Supreme Court's opinion in *Farmer* resolved any doubts

as to whether such claims should proceed: "But, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." 511 U.S. at 838. This was noted in another of the cases cited by this Court in its order: *Pavlick v. Mifflin*, 90 F.3d 205, 209 n. 6 (7th Cir. 1996) (Recognizing that one of its cited cases was decided before *Farmer v. Brennan*, which rejected liability based upon objective recklessness). And, reaffirmed by the Seventh Circuit in *Thompson v. Dart*: "The constitutional expectation 'is that guards act responsibly under the circumstances that confront them,' not that they anticipate every potential danger facing a detainee." 39 F.4th 835, 843 (7th Cir. 2022), *quoting Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004).

      **B.  This Court erred by allowing Plaintiff to proceed on speculative theories.**

Speculation is not admissible evidence that will successfully defeat a motion for summary judgment. *See Visser v. Packer Engineering Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (Supporting and opposing statements shall be made on personal knowledge, which may include inferences, but "must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience."); *see also Hunt v. Dart*, 754 F. Supp. 2d 962, 974 (N.D. Ill. Dec. 6, 2010) (affirming that basic summary judgment principles do not allow speculation to substitute for proof.). Here, several of Plaintiff's claims are based on only speculation.

This Court denied summary judgment to Defendants Cox and Lounsberry—officers who were assigned to work on Plaintiff's housing unit on the night of the assault—who testified that they conducted wing checks and did not know any assault was occurring. This Court concluded that "a reasonable jury could conclude that [the rape] was loud enough for the officers to hear in the

hallway outside." [Doc. 129, pp. 45-46]. There is no direct or circumstantial evidence to support such a determination. In an opinion reviewing a failure-to-protect claim on a lower, Fourteenth Amendment standard, the Seventh Circuit found in favor of a jail guard who was present for but did not hear an altercation involving a detainee due, in part, to the guard's failure to wear his hearing aid. *Kemp v. Fulton Cty.*, 27 F.4th 491, 497 (7th Cir. 2022)

A court is obligated to "consider the context of the perceived threat as a whole, and whether the evidence, circumstantial, documentary or otherwise, was sufficient to indicate that the officials were aware of the substantial risk." *LaBrec v. Walker*, 948 F.3d 836 (7th Cir. 2020). Yet, this is not a requirement that affords a Plaintiff to invite speculative findings. By the Court's own recitation of the facts, the attack lasted ten minutes and could be heard from ten feet away. [Doc. 129, pp. 26, 45]. There is no evidence either Cox or Lounsberry was within ten feet of Fleming and Plaintiff during the ten minutes of the attack. There is no evidence that there was any noise or other sign of trouble while they were making their rounds. There is no evidence in dispute that either Defendant Cox or Defendant Lounsberry was aware of the sexual assault and failed to intervene. Plaintiff's position was that they should have realized an assault was occurring. [Doc. 116, p. 14, Response to ¶¶ 93 & 94]. There is also no competent evidence that they failed to conduct their rounds as documented.

Plaintiff should not be allowed to proceed to trial on these speculative claims without proper evidentiary backing.

### C. This Court erred by failing to fully consider causation as an element.

Defendants argued that Plaintiff failed to establish causation with respect to Count 1 of her operative complaint (failure to protect). Namely, this argument was made with respect to

Defendants Cox, Lounsberry, Carter, and Edwards[1] in the motion for summary judgment; however, it may be applied more broadly to this matter based upon a more recent opinion: *Hunter v. Mueske*, 73 F.4th 561 (7th Cir. July 17, 2023).

In *Hunter*, the Seventh Circuit acknowledged that "causation is typically a question best left for the jury" in a § 1983 case. 73 F.4th at 568. However, there are cases in which proximate causation may be decided as a matter of law, including where a failure to protect claim warrants it. *Id*. In such a case, a court "must ask what sorts of risks a reasonable person **would foresee as a likely result of [a] failure to act**." *Id.*, *citing United States v. Luce*, 873 F.3d 999, 1012 (7th Cir. 2017) (emphasis added in **bold**).

There, Hunter and another prisoner became cellmates in March 2017 and remained cellmates through December 6, 2017. *Id*. at 563. There, the other prisoner was described as a violent individual with negative interactions, who one of the defendants opined should not have been in general population. *Id*. Hunter alleged that he received threats from the other inmate that he brought to the attention of defendant Mueske. *Id*. Without receiving assistance from Mueske, Hunter went to another defendant, Sergeant Walker, for help. *Id*. at 564. Walker explained that he did not have authority over housing unit assignments and recommended that Hunter complete a complaint form. *Id*. Summary judgment was affirmed for both Mueske and Walker. *Id*. In part, summary judgment had been entered at the district court level because the inmate-on-inmate fight occurred several months after Hunter's last communication with Mueske and only occurred because Hunter approached the other inmate. *Id*.

---

[1] Along with Defendant DeJarnette, who has been dismissed. Defendant Singleton's liability is based on his supervisory review of Carter's assessment, so any argument of causation would also apply to the claims against Singleton.

Here, there is no causal connection between Plaintiff's claims and the allegations against Defendants Cox, Singleton, Lounsberry, Carter, and Edwards. Specifically for Carter, Edwards, and Singleton, there are intervening causes of any harm to Plaintiff. Carter did an initial assessment of Fleming upon her return to prison which did not designate her as a predator. However, Fleming had subsequent discipline and was placed on D Wing with other inmates who presented safety concerns. When D Wing was closed, Edwards made the decision where to house Fleming. Edwards had access to the same information as Carter, plus knowledge that subsequent conduct had landed Fleming in D Wing. Edwards' placement decision broke any causal connection between Carter's assessment and the eventual attack.

After Edwards made the placement decision for Fleming, Plaintiff and her other roommates became aware of threatening behavior. Although other Defendants dispute what was told to them, Plaintiff alleges she brought this behavior to the attention of other staff, who then had the opportunity to make a housing change for Fleming or Plaintiff. Their decision not to change the assignment breaks any causal connection between Edwards' placement decision and the eventual attack. *See Riccardo*, 375 F.3d at 528 (correctional lieutenant not deliberately indifferent when he knew other staff would revisit the housing assignment the next day and could reasonably expect that the plaintiff would complain the next day if he felt in danger).

### D. The Court erred in failing to consider the factual record when evaluating the defense of qualified immunity.

The Court denied Defendants' assertion of qualified immunity, stating that if Plaintiff's allegations that they knew of a risk presented by Fleming and failed to address it are true that Defendants violated a clearly established legal standard requiring them to protect Plaintiff. [Doc. 129, pp. 38-39]. However, the Court was not considering a motion to dismiss where it had to accept the allegations in the light most favorable to Plaintiff, but a motion for summary judgment where

it had to accept the evidence in the light most favorable to the Plaintiff. The record shows that several Defendants did not violate clearly established law.

Defendants Veech and Gannon, upon receiving notice of Plaintiff's concerns about Fleming, reported those concerns to someone with the ability to act on them. Veech notified Gannon, who was part of the security staff in Plaintiff's housing unit. Gannon relayed those concerns to his supervisor. There is no case law establishing that a frontline employee reporting to a superior is insufficient action to avoid a finding a deliberate indifference. See *Quarles v. Sevier*, 2016 U.S.Dist. LEXIS 42145 at * 12-16 (N.D. Ind. March 30, 2016) (finding that an officer who was not authorized to move an inmate acted reasonably in informing his superior officer of security concerns and that defendant officer would also be entitled to qualified immunity as no established law states that action is unreasonable). If the Court now finds that reporting to a superior is not a reasonable action, Defendants Veech and Gannon would be entitled to qualified immunity.

Defendant Wilson responded to concerns about Plaintiff's safety by asking her if she needed help. Plaintiff responded that she did not. Asking an inmate if they require protection and relying on their response is not deliberate indifference. The Seventh Circuit has found that where defendants, in addition to offering protective custody, asked the plaintiff for additional information regarding why he wanted a transfer, the defendants were justified in doubting his need when he refused to provide details. *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008) ("We cannot emphasize enough the prisoner's responsibility to furnish information in these situations…"). In *Riccardo*, the plaintiff objected to being housed with a Latin King, claiming the gang intended to injure him. The defendant, a correctional lieutenant, asked both plaintiff and the other inmate if they had a problem being housed together. *Riccardo*, 375 F.3d at 525. Both answered that they did not. The Court found that the lieutenant was entitled to believe the plaintiff when he said there was

no risk of harm. *Id*. at 527. Plaintiff put Wilson in the same position as the defendants in *Dale* and *Riccardo*. When directly asked if she had any issues in her room, she said no. The record does not show that Wilson and by extension, Calhoun, acted with the "total unconcern" required for a finding of deliberate indifference. To the extent the Court now determines that relying on the Plaintiff's own denial of a need for protection is unreasonable, Defendants Wilson and Calhoun are entitled to qualified immunity.

As described above, the record also shows Defendant Burke lacked the requisite subjective knowledge for a finding of deliberate indifference. To the extent the Court now determines that such a subjective understanding is not required, Defendant Burke is entitled to qualified immunity.

II. **This Court should reconsider its order denying their motion with respect to Count III of Plaintiff's action.**

This Court must also reconsider its order denying Defendants' motion seeking summary judgment on Count III. In its order, the Court relied heavily on *Murphy v. Smith*, 844 F.3d 653, 659 (7th Cir. 2016). This Court cited to but did not analyze the Illinois Supreme Court decision in *Healy v. Vaupel*, 549 N.E. 2d 1240 (Ill. 1990).

A. **This Court erred in failing to apply the three *Healy* factors to determine whether the tort claim was barred by state-law sovereign immunity**.

Recently, in *T.S. v. County of Cook*, the Seventh Circuit clarified the reasoning set forth in *Murphy*. *T.S.*, 67 F.4th 884, 893-95 (7th Cir. May 15, 2023). There, the district court found that under the "officer suit exception" a defendant was not entitled to sovereign immunity unless and until the constitutional claims were resolved. 67 F.4th at 889. The Seventh Circuit clarified that, although not discussed in the *Murphy* opinion, a district court must apply the three factors in *Healy v. Vaupel* in a personal capacity suit for damages. 67 F.4th at 894. Because Count III in this matter involves a personal capacity claim for damages under a State law tort theory, this Court erred when it declined to consider each of the three factors in determining whether it is in

actuality a claim against the State. Ultimately, in *T.S.*, the Seventh Circuit determined that the administrator sued was entitled to sovereign immunity and it reversed the denial of summary judgment with instructions to dismiss the remaining claim. *Id*. at 890-93 & 895.

Here, as in *T.S.*, the district court was "off track in its analysis of Illinois state sovereign immunity." *Id*. at 893. In *T.S.* the plaintiffs asserted a breach of fiduciary duty claim for damages against a detention center's superintendent in his individual capacity. But, because formal identification of the parties is not dispositive, the Court had to consider whether the action was only nominally against the State employee and instead one against the State.

There, as here, no one acted outside of the scope of their authority in the purported wrongs ascribed to the Defendants. There, as here, no duties arose outside of state employment. In *T.S.*, the plaintiffs contended that the superintendent owed them a duty as their caretaker and that such duty was independent of the superintendent's employment; however, the Seventh Circuit disagreed with that argument. Because the detainees' allegations were clear that the claim arose from a purported failure in performance of duties, there was "no doubt that the source of any duty [the superintendent] owed the detainees comes from his state employment." *Id*. at 893. Similarly, here, the purported failure arose from claims that the Defendants failed to perform their duties in failing to protect the Plaintiff. Such duties can only arise from the employment of the Defendants and there is no independent source of such a duty of care, such as the duty to drive safely or under a medical professional's license.

Looking to the third factor—whether the involved matters are ordinarily within the normal and official functions of the employee—it similarly falls in favor of the Defendants in this matter. Interacting with prisoners, designating prisoners as predator or vulnerable, placing them,

and deciding the housing structure at the prison are each official duties that fall within the normal and official functions of the respective groups of Defendants.

### B. This Court erred by analyzing the arguments with respect to Count III in line with an inapplicable act and under a case that is inapposite.

Moreover, this Court erred by analyzing this tort claim in line with the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/4-105. This Court found *Williams v. Rodriguez*, coupled with Plaintiff's claim of deliberate indifference, dispositive of Defendants' request for summary judgment as to Count III. But *Williams* was expressly considering whether the immunity provided in the Local Governmental and Governmental Employees Tort Immunity Act applied to bar the claims.

The Local Governmental and Governmental Employees Tort act "*does not include* the State or any office, officer, department, division, bureau, board, commission, university or *similar agency of the State*." 745 ILCS 10/1-206 (emphasis added in *italics*). Defendants presented this distinction in Argument Section IV of their motion for summary judgment as relating to Count II of the Plaintiff's action; however, the distinction highlighted there applies with equal force to Count III, a claim of willful and wanton misconduct.

Even so, the *Williams* matter was resolved *in favor of* the defendant who asserted immunity under the Local Governmental and Governmental Employees Tort Immunity Act. There, the plaintiff brought § 1983 claims (one of which was a medical indifference claim) along with State tort claims, which included a denial of medical treatment claim. 509 F.3d at 398, 401. The district court granted summary judgment for the officer-defendant on the constitutional medical indifference claim and the Seventh Circuit affirmed summary judgment for both that claim, *id*. at 402-04, and also for the denial of medical treatment tort claim, *id*. at 404-05.

For these reasons, the Court erred in failing to consider the three *Healy* factors and for denying summary judgment in favor of the Defendants as to Count III of Plaintiff's action.

## Conclusion

For these reasons, this Court should reconsider its order, which denied summary judgment on these issues. More recent cases reiterate standards that should be applied to this matter as outlined above. Further, the Eighth Amendment claim against several of the Defendants appears to be proceeding on a lower standard than that required for such a claim and allows speculative theories to proceed to trial rather than those supported by adequate evidence. Relatedly, Defendants also seek reconsideration on the portion of the Court's order denying qualified immunity to certain Defendants and denying their request for dismissal of Count III.

WHEREFORE, Defendants respectfully request that this Court reconsider the portion of its order denying summary judgment and grant summary judgment on the issues argued above.

Respectfully submitted,

MARGARET BURKE, BEATRICE CALHOUN, GUY CARTER, AADAM COX, JOSH EDWARDS, JUSTIN GANNON, KELBY JASMON, BRANDON LOUNSBERRY, CHRISTOPHER LYNCH, TODD SEXTON, TROY SINGLETON, LEGNA VELAZQUEZ, ANNETTE VEECH, NICOLE VEECH (now PRICE), and ANGEL WILSON,

Defendants,

Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-5819 Phone
(217) 524-5091 Fax
Email: lisa.cook@ilag.gov

KWAME RAOUL, Attorney General
State of Illinois

Attorney for Defendants,

By: s/Lisa A. Cook
    Lisa A. Cook

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HALEY HEILMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 18-cv-3260 SEM-KLM |
| | ) |
| MAGGIE BURKE, et al, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 1, 2023, the foregoing document, ***Defendants' Motion for Reconsideration of Portion of Order Denying Summary Judgment***, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Sarah Grady sarah@kaplangrady.com
        Howard Kaplan howard@kaplangrady.com

                                      s/ Lisa A. Cook
                                      Lisa A. Cook, #6298233
                                      Assistant Attorney General
                                      Office of the Attorney General
                                      500 South Second Street
                                      Springfield, Illinois 62701
                                      (217) 782-5819 Phone
                                      (217) 524-5091 Fax
                                      Email: lisa.cook@ilag.gov