IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HALEY METCALF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-3260 |
| | ) | |
| MAGGIE BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Sue E. Myerscough |

## PLAINTIFF'S MOTION IN LIMINE NOS. 1 TO 7

Most of the key facts in this case are undisputed. Until January 2017, D Wing of Housing Unit 15 housed maximum-security prisoners and those who were in and out of segregation. Ex. 1, Burke Dep., at 50. In January 2017, Warden Maggie Burke closed D Wing and ordered that the residents be moved into the general population housing units. Ex. 2, Wing D Housing Movement Log.

As part of this action, on January 11, 2017, Jennifer Fleming was moved from D Wing into Plaintiff Haley Metcalf's room. *Id.* Fleming was well-known at Logan because of her extensive disciplinary history, which included prior instances of sexual misconduct and assault. *E.g.*, Ex. 3, Price Dep., at 11-12, 95-96; Ex. 4, Sexton Dep., at 9-10. As soon as she moved into Metcalf's room, Fleming began acting aggressively and possessively towards Metcalf, telling her things like "that pussy is [mine]." Ex. 5, Heilman Dep., at 20, 49. Fleming would stand near the door to the showers in the housing unit and watch Plaintiff shower. *Id.* at 36. Fleming would also make inappropriate comments about Metcalf's buttocks and genitals and would hit Plaintiff on her buttocks. *Id.* at 50-52.

IDOC policy required prison staff, including Todd Sexton and Nicole Price, to respond to incidents or possible incidents of sexual abuse or sexual harassment. Ex. 6, PREA Manual, at 32;

Ex. 4 at 79; Ex. 3 at 68. In the early morning of February 5, Fleming brutally raped Metcalf in their cell with a homemade phallic device. Ex. 5 at 37-41. That morning, Metcalf went to Ashley Underwood's room and told her about the assault. *Id.* Underwood then reported the assault to Defendant Legna Velazquez, who initiated PREA protocols. *Id.* at 42; *see also* Ex. 7, Velazquez Incident Report. Following Fleming's attack, IDOC investigated and substantiated charges of sexual assault and aggravated criminal sexual assault against Fleming. *See* Ex. 8, IDOC Report of Investigation, at 7.

Given the weight of the probative facts that Defendants cannot dispute, Plaintiff moves in limine to primarily preclude Defendants from distracting or unfairly biasing jurors away from what matters in this case by denigrating Plaintiff's character. Evidence and argument related to Plaintiff's life circumstances and choices, past and present, and Defendants' characterizations related to them are irrelevant to the critical issue in this case: whether Defendants were deliberately indifferent to a substantial risk of harm to Plaintiff.

Accordingly, Plaintiff seeks the following evidentiary rulings:

**MIL No. 1: Bar Evidence of Plaintiff's Prior Bad Acts.**

**MIL No. 2: Bar References to Plaintiff's Prior Drug Use.**

**MIL No. 3: Bar Reference to Plaintiff or her Witnesses as Felons, Convicts, or Offenders.**

**MIL No. 4: Bar References to Plaintiff's Witnesses' Prior Bad Acts.**

**MIL No. 5: Plaintiff's Sexual Orientation, Sexual Predisposition, or Prior Sexual Behavior.**

**MIL No. 6: Bar Speculative Testimony from Witnesses.**

**MIL No. 7: Bar Defendants' "Good Character" Evidence.**

Plaintiff notes that, with respect to motions in limine numbers 1-3 and 5, the Court recently granted substantially similar motions in limine. *See* Amended Final Pre-Trial Order at 12, *Doe v. Macleod*, No. 18-cv-3191, Dkt. No. 220 (C.D. Il. Sept. 16, 2023) (granting *Doe* plaintiff's motions in limine nos. 2 through 5 concerning evidence of prior bad acts, prior drug use, references to plaintiff as an offender, and evidence of plaintiff's past or current romantic relationships).

## LEGAL STANDARD

A motion in limine is a request for the court's guidance concerning an evidentiary question. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Such motions are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). District courts have "broad discretion" to rule on evidentiary issues before trial "on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson*, 115 F.3d at 440. It is the moving party's burden to establish inadmissibility. *See Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F.Supp.2d 928, 934 (N.D. Ill. 2009). Yet even if the moving party cannot establish her burden before trial on a motion in limine, the ultimate ruling "should be deferred until trial." *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, 2010 WL 747501, at *1 (S.D. Ill. Mar. 2, 2010).

# ARGUMENT

### I. MIL No. 1: The Court Should Limit Evidence of Plaintiff's Prior Arrests and Convictions.

Plaintiff was convicted for burglary and possession in 2016, and Plaintiff expects to testify as to the facts of those convictions. Prior to the 2016 conviction, however, Plaintiff was arrested for and/or convicted of other alleged crime, such as driving while intoxicated. Those additional arrests and convictions should be excluded from evidence.

To start, mere arrests without a corresponding conviction have "miniscule probative value" that is "overwhelmingly outweighed" by their prejudicial effect. *Barber v. City of Chicago*, 725 F.3d 702, 709, 714 (7th Cir. 2013). Indeed, the risk of prejudice from prior arrests is "enormous" because the jury could easily conflate an arrest with "a legal finding of wrongdoing" and think that "where there's smoke there's fire." *Nelson v. City of Chicago*, 810 F.3d 1061, 1069 (7th Cir. 2016). Because prior arrests have *no* probative value whatsoever in this case, evidence of the arrests should be excluded under Rule 403. *See Barber*, 725 F.3d at 709; *Nelson*, 810 F.3d at 1069.

Plaintiff's prior convictions are also inadmissible under Rule 403—and under Rule 609 as well. Plaintiff's conviction for driving on a suspended or revoked license is over ten years old. Further, Defendants have failed to provide "reasonable written notice of the intent to use" this or other stale convictions as evidence, as required under Rule 609(b)(1)(2). Even if Defendants did provide the required notice, Defendants could not establish that this evidence qualifies for admission. Old convictions may be admitted only if their probative value "substantially outweighs [their] prejudicial effect," Fed. R. Evid. 609(b)(1). This occurs only in "very rare[]" and "exceptional circumstances." Fed. R. Evid. 609(b)(1) adv. Comm. Notes. Defendants cannot not make this extraordinary showing because this evidence fails even the standard Rule 403 analysis. Evidence of Plaintiff's prior convictions is irrelevant to her victimization at Logan and carries an

enormous risk that the jury will decide her case based on the fact of Plaintiff's earlier convictions rather than the evidence before them. *See, e.g.*, *Brinkley v. Santiago*, 2013 WL 12309671, at *2 (N.D. Ill. July 11, 2013) ("In light of the small probative value of the [driving while intoxicated and marijuana] convictions and the danger of unfair prejudice, the court excludes these convictions from evidence.").

In short, convictions prior to 2016 have no probative value and are irrelevant to Plaintiff's victimization at Logan, and should be excluded.

**II.     MIL No. 2: The Court Should Bar References to Plaintiff's Prior Drug Use Other Than Her Conviction.**

As the Seventh Circuit has held, a plaintiff's prior use of drugs generally has "no probative value." *Mankey v. Bennett*, 38 F.3d 353, 360 (7th Cir. 1994) (affirming grant of motion in limine "to exclude all evidence of [plaintiff's] alcohol and drug use" in a case arising from a car accident). Any probative value of such evidence, moreover, is greatly outweighed by prejudice. The Seventh Circuit has time-and-again warned, even in cases involving drug-related offenses (which this is decidedly not), there is "considerable danger" that evidence of illegal drug use "may so prejudice the jury that [the jury] will excessively discount" the plaintiff. *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007); *see also Mankey*, 38 F.3d at 360 (holding that in addition to having "no probative value," evidence of plaintiff's substance abuse "would be merely prejudicial") (emphasis added). The Seventh Circuit has repeatedly denied attempts to introduce evidence of drug use to call an individual's character or propensity for truthfulness into question. *Gallardo*, 497 F.3d at 733 (excluding evidence of prior drug use as an impermissible attempt at "a general character attack"); *Cameron*, 814 F.2d at 405 (excluding evidence of prior drug use and rejecting defendant's claim that "individuals who use illegal drugs are engaged in a lifestyle of crime and disrespect for the law"); *Robinson*, 956 at 1397 (excluding evidence of prior drug use where defendants were

5

simply trying to suggest to the jury that people "who have used drugs are more likely to tell lies"). Other than as context for the conviction that placed her at Logan during the relevant period, evidence regarding Plaintiff's drug use should be barred as irrelevant and unduly prejudicial under Rules 401, 402, and 403.

III. **MIL No. 3: The Court Should Bar Reference to Plaintiff and her Formerly Incarcerated Witnesses as Felons, Convicts, Inmates, or Offenders.**

Defendants should be barred from referring to Plaintiff or her formerly incarcerated witnesses as "felons," "convicts," "inmates," or "offenders" in front of the jury. The incident in this case took place inside of a female prison. Inside that prison, prison staff routinely use these derogatory phrases to refer to the women incarcerated there. *See, e.g.,* Ex. 1 at 32, 52. But in court, all parties (including formally incarcerated individuals) are equal before the law. Permitting Defendants and their counsel to refer to Plaintiff and her formally incarcerated witnesses by using these derogatory terms would have no probative value, would be prejudicial and inflammatory (and so would fail the balancing test under Rule 403), and could constitute improper character evidence under Rule 404. Therefore, Defendants should be barred from using these terms when referring to Plaintiff or her witnesses.

IV. **MIL No. 4: The Court Should Bar Evidence of the Convictions of Tara Gibbons, Yvonne Williams, and Ashley Underwood.**

During her case in chief, Plaintiff intends to call three women who were incarcerated with Plaintiff at Logan in 2016-2017. During discovery, Defendants identified the following convictions for these witnesses:

- Tara Gibbons: Theft (3 convictions) and Violation of a No Stalking Order;

- Yvonne Williams: Theft, Retail Theft (2 convictions), and Violation of Electronic Monitoring; and

– Ashley Underwood: Mob Action, Aggravated Battery, Residential Burglary, and Possession of Electronic Contraband in a Penal Institution (4 convictions).

*See, e.g.,* Ex. 9, Burke's Supp. Resp. to Pl.'s 1st Interrog., at 4. Notably, despite Plaintiff's request, Defendants did not include any information as to why they believed these convictions were admissible, including the dates of the purported convictions or the sentences served as part of the convictions—information that centrally important for purposes of Rule 609. *Id.* And Defendants have not indicated whether they intend to introduce these convictions for impeachment or other purposes. But regardless, the Court should exclude evidence of these convictions under Rules 403 and 609.

A criminal conviction for a crime punishable by one or more years of imprisonment is admissible as impeachment evidence only if it satisfies Rule 403, Fed. R. Evid. 609(a)(1), unless the court "can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement," in which case the evidence shall be admitted for impeachment. Fed. R. Evid. 609(a)(2). Once 10 or more years have passed since a witness's conviction or release from confinement for it, whichever is later, the evidence is admissible to impeach only if its probative value substantially outweighs the prejudicial effect and the proponent gives reasonable notice. Fed. R. Evid. 609(b).

**Rule 609(b) bars admission of several convictions.** Several of the convictions Defendants have identified will be more than 10 years old by the time of trial, so Defendants must meet the more stringent requirements of Rule 609(b) to admit this evidence. Ms. Williams's two retail theft and theft convictions, for instance, occurred in 2012 or earlier, and she was discharged of the last of these convictions on November 13, 2013. *See* Ex. 10, Offender Information, at 4-5. According to online court records, Ms. Underwood's convictions for mob action and aggravated battery occurred in 2010 and 2011, respectively, and the sentences for both were completed more than 10

7

years ago. *See* Case No. 2010CF26, *State v. Underwood* Dkt, *available at* https://judici.com/courts/cases/case_dispositions.jsp?court=IL007015J&ocl=IL007015J,2010CF26,IL007015JL2010CF26D1 (last visited Dec. 7, 2023) (mob action charge); Case No. 2011CF002334, *State v. Underwood* Dkt., *available at* https://www.clericusmagnus.com:8443/profoundui/start?pgm=EDOCS/WDI040CL&p1=%20MA&l1=3 (last visited Dec. 7, 2023) (aggravated battery charge). And Plaintiff cannot locate any conviction for possession of electronic contraband in a penal institution within Jersey County court records, despite the fact that Jersey County makes its criminal records available online. Defendants have not given notice that they intend to use these convictions, and in any event, the value of convictions from more than 10 years ago is vanishingly small for impeachment purposes, particularly because (as explained below) the convictions at issue are not inherently crimes of dishonesty.

***Rule 609(a) bars admission of the remaining convictions.*** Notably, none of the convictions involve crimes of dishonesty or false statements, so they cannot be admitted under Rule 609(a)(2). "[P]etty shoplifting does not, in and of itself, qualify as a crime of dishonesty under Rule 609." *United States v. Owens*, 145 F.3d 923, 927 (7th Cir.1998); *accord Fermazin v. Menard, Inc.*, 2017 WL 1227937, at *4 (N.D. Ill. Mar. 31, 2017) (collecting cases and observing that "courts in this circuit have repeatedly held that certain kinds of theft, including retail theft, petty theft, and robbery, are not inherently crimes of dishonesty under Rule 609(a)(2)"). The same is true of stalking, 720 ILCS 5/12-7.3, mob action, 720 ILCS 5/25-1(a), battery, 720 ILSC 5/12-3, and violation of electronic monitoring, 730 ILCS 5/5/-8A-4.1.

The only remaining avenue for some of these convictions to be introduced for impeachment purposes is Rule 609(a)(1), under which the convictions should be excluded if the unfair prejudice

of admission substantially outweighs their probative effect. *See* Fed. R. Evid. 609(a)(1)(A). Here, the potential prejudice of introducing these convictions heavily outweighs their miniscule probative value. A conviction is not admissible under Rule 609(a)(1) simply to "stink up" a witness's character; rather, it must shed light on the witness's credibility. *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir.1992). Indeed, Rule 609(a)(1) "reflects a judgment" that it is "undesirable" to "admit convictions in civil cases that have little, if anything, to do with credibility." Fed. R. Evid. 609, 1990 adv. comm. note.

Not only are these witnesses' convictions irrelevant for impeachment purposes, they carry a patent risk of unfair prejudice to Plaintiff. They also risk confusing the issues and wasting time on collateral matters unrelated to the sexual assault and deliberate indifference claims at the heart of this case. Certainly, the jury will be aware that these three women were incarcerated as a result of criminal convictions. *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009) (recognizing that courts may allow for "sanitization" of evidence of prior convictions—permitting evidence that the witness was convicted of a felony but concealing the name of the crime). But the particularities of the convictions, and certainly the facts underlying those convictions, have no bearing on the witness's truthfulness or any other issues in dispute in the case. *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992) (even where a court permits evidence of a conviction to be introduced pursuant to Rule 609, "opposing parties cannot harp on a witness's past crime and in fact can elicit no more than the crime charged, the date, and the disposition").

Because there is no connection between the convictions of Ms. Gibbons, Ms. Williams, and Ms. Underwood and their ability to testify truthfully, and because introduction of evidence about their convictions would be highly prejudicial, the convictions should not be admitted under Rule 609(a)(1) and Rule 403. *See, e.g., Brinkley v. Santiago*, 2013 WL 12309671, at *2 (N.D. Ill.

9

July 11, 2013) ("In light of the small probative value of the [driving while intoxicated and marijuana] convictions and the danger of unfair prejudice, the court excludes these convictions from evidence."); *Brandon v. Village of Maywood*, 179 F.Supp.2d 847, 854 (N.D. Ill. 2001) (recognizing that "[a] conviction for comparatively minor drug offenses is less probative of truthfulness than one for perjury or fraud, "but that "the potential for prejudice to [the plaintiff] is great.").

   ***The convictions are inadmissible for substantive purposes.*** Setting impeachment aside, Ms. Gibbons, Ms. Williams, and Ms. Underwood's convictions are irrelevant to the substantive claims and issues in the cases. *See* Fed. R. Evid. 401. In addition, the convictions remain substantially prejudicial under Rule 403, and there is no permissible purpose to introduce them consistent with Rule 404. Accordingly, the Court should exclude evidence of these witnesses' convictions for any purpose.

### V.  MIL No. 5: The Court Should Bar Testimony or Argument About Plaintiff's Sexuality, Sexual Orientation, or Pre-Assault Sexual Disposition.

   As part of her request for damages, Plaintiff and her husband will offer testimony at trial about how the assault has impacted Plaintiff, including her ability to engage in a normal sex life with her spouse. Defendants should be permitted to cross-examine Plaintiff's witnesses about those facts. But Defendants should *not* be permitted to make arguments or introduce evidence related to Plaintiff's sexuality, sexual orientation, or her sexual predisposition before the assault. In civil cases, Federal Rule of Evidence 412 prohibits evidence (1) "offered to prove that a victim engaged in other sexual behavior" or (2) "evidence offered to prove a victim's sexual predisposition."[1]

---

[1] In addition, "the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." To do so, however, Defendants would be required to follow the procedures set forth in Rule 412(b). *See* Fed. R. Evid. 412(c) (laying out the procedure

The plan language of Rule 412(b) forecloses any attempt Defendants might make to introduce such evidence. The Rule extends to introducing evidence of Plaintiff's sexual orientation to show sexual predisposition. *See Doe v. Cahokia Sch. Dist. #187*, 2014 WL 7263533, at *1 (S.D. Ill. Dec. 19, 2014) (barring defendant from introducing evidence of plaintiff's "prior sexual behavior and/or sexual orientation," observing that such evidence for the "purposes stated by [d]efendant for which the evidence would be used are in direct contravention of the language and policy behind Rule 412").

In short, the plain language of Rule 412 prevents Defendants from offering evidence or argument about Plaintiff's sexuality, sexual orientation, or sexual disposition before the assault.

## VI.   MIL No. 6: The Court Should Bar Speculative Testimony from Witnesses About What They "Would Have" Done or Remembered.

At Defendant Angel Wilson's deposition, defense counsel asked Ms. Wilson what she would have done had she been made aware of staff failing to report sexual abuse or harassment. Ex. 11, Wilson Dep., at 132-33. In response, Ms. Wilson testified about a number of things she "would have" done in response. Other Defendants have given similar testimony. *See, e.g.,* Ex. 12, Veech Dep., at 95 (discussing what Defendant Annette Veech "would have" done had she received the information Plaintiff has testified she provided to her). This speculative testimony is inadmissible and the Court should bar it.

Specifically, Defendants and their witnesses should be barred from offering testimony about what they "would have" done or remembered—*i.e.*, testimony that a witness "would have remembered" an event if it had actually occurred, or what the witness "would have done" had an event actually occurred. Rule 602 permits a witness to testify to his or her actual memories of

---

to offer evidence under Rule 412(b)). To date, Defendants have not sought to introduce such evidence.

11

events, subject to cross-examination. The jury then can weigh the evidence and determine its worth. But testimony framed as "would have remembered," "would have done," or similar is an attempt to manufacture evidence that does not exist: affirmative testimony of the absence or existence of a certain event when the truth is that the witness has no memory one way or the other. This is improper testimony. Defendants should not be permitted to call witnesses who have no recall only to adduce speculation that their lack of recollection is actually proof of the thing they do not recall. *See Nelson*, 810 F.3d at 1072-75 (prohibiting inferences of a party's conduct where witness disclaimed recollection absent proof of habit).

Such testimony is speculative and not based on personal knowledge. *See* Fed. R. Evid. 602 (requiring a witness giving testimony on a matter to have personal knowledge about the matter). The Seventh Circuit squarely addressed this type of testimony in *Nelson*. There, the defendant officer admitted that he had no personal recollection of the events at issue in the case. 810 F.3d at 1064. Despite that fact, the officer testified about the existing circumstances that "would have" led him to behave as he did toward the plaintiff. *Id.* at 1072-73. The Seventh Circuit found that the defendant's testimony was "heavily prejudicial" to the plaintiff because it "invite[d] the jury to speculate that [the plaintiff] acted in the ways [the defendant] described" without having any actual recollection of the events. *Id.* at 1074-75.

In sum, this Court should bar Defendants from testifying about what they "would have done" or "would have remembered" because such testimony is inadmissible.

VII.    **MIL No. 7: The Court Should Bar Defendants' Good Character Evidence.**

During depositions, a number of Defendants testified about commendations and awards, and positive performance reviews they received. *See, e.g.*, Ex. 11 at 43. Defendants should not be permitted to introduce evidence of their "good character" by reference to prior commendations

12

and awards, performance reviews, and professional society memberships because it is inadmissible under Rule 403 and 404. The only possible relevant purpose for Defendants' good-character evidence is to show that Defendants likely acted in conformity with that good character when engaging in the conduct that forms the basis for Plaintiff's claims. And that purpose is squarely prohibited by Rule 404(a): "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).

Courts routinely recognize that in cases like this one where the character of a party is not at issue, a defendant cannot be permitted to introduce evidence of good acts to invite an inference of good character and action in conformity with that character. *United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994); *Merheb v. Ill. State Toll Highway Auth.*, 2000 WL 198787, at *8 (N.D. Ill. Feb. 10, 2000); *Capuano v. Consol. Graphics, Inc.*, 2007 WL 2688421, at *6 (N.D. Ill. Sept. 7, 2007). And courts throughout this Circuit have repeatedly barred precisely the same kind of evidence Plaintiff seeks to bar in this case. *See, e.g., Ott v. City of Milwaukee*, 2015 WL 1219587, at *3 (E.D. Wis. Mar. 17, 2015) (barring evidence of defendant officers' professional commendations, awards, and job evaluations); *Avery v. City of Milwaukee*, 2015 WL 247991, at *5 (E.D. Wis. Jan. 20, 2015) (same); *Case v. Town of Cicero*, 2013 WL 5645780, at *2 (N.D. Ill. Oct. 13, 2013) (same); *Sughayyer v. City of Chicago*, 2011 WL 2200366, at *3-4 (N.D. Ill. June 6, 2011) (granting plaintiff's motion to bar "attempts to bolster credibility"); *White v. Gerardot*, 2008 WL 4724000, at *2 (N.D. Ind. Oct. 24, 2008) (barring evidence of officer's awards as irrelevant); *Graham v. Bennett*, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12, 2007) (barring evidence of officer's awards and commendations); *Charles v. Cotter*, 867 F. Supp. 648, 659 n.6 (N.D. Ill. 1994) (granting motion to bar because "the court strongly suspects that evidence of

defendants' commendations, awards or honors could only serve the improper function of providing evidence of defendants' character for the purpose of proving action in conformity therewith on the night in question"). The same holding is appropriate here and the Court should accordingly bar any such evidence of prior good acts.

## CONCLUSION

For these reasons, Plaintiff's Motions in Limine Nos. 1 through 7 should be granted.

Respectfully submitted,<br>
/s/ Sarah Grady<br>
Sarah Grady<br>
Attorney for Plaintiff

14

## CERTIFICATE OF SERVICE

I, Sarah Grady, an attorney, certify that on December 7, 2023 I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                                /s/ Sarah Grady
                                                Sarah Grady
                                                Attorney for Plaintiff