# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **HAILEY METCALF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-CV-3260 |
| | ) |
| **MAGGIE BURKE, et. al,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court are Defendants' Motion for Reconsideration and Plaintiff's Response. (d/e 135, 136). For the following reasons, Defendants' Motion (d/e 135) is DENIED.

On November 1, 2023, Defendants filed a Motion for Reconsideration of this Court's Order on Motion for Summary Judgment. (d/e 135). Specifically, Defendants argued this Court erred in three ways: utilizing an incorrect standard, allowing Plaintiff to proceed on speculative or unestablished facts, and not considering the factual record. Id.

On November 15, 2023, Plaintiff filed her response noting the untimeliness of Defendants' Motion for Reconsideration and alleging

Defendants failed to identify any instance where the Court committed manifest error of the law and fact. (d/e 136).

As the parties each point out, reconsideration is not appropriate for rehashing arguments or raising new matters that could have been heard during the pendency of the previous motions. Caisse Nationale de Cred Agricole v. CBI Indust., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Much of the arguments and case law cited by the Defendants are not new to this case or this Court's analysis of the issues that remain. Instead, Defendants' Motion for Reconsideration realleges much of the same information in Defendants' Motion for Summary Judgment and Reply to Plaintiff's Response thereto. (d/e 120).

Although Defendants' articulate that the Court failed to consider the subjective intent required as to each of the Defendant that moved for summary judgment, this is incorrect. (d/e 135, pp. 3-5). Rather, this Court discussed the knowledge component or the existence of a material dispute between the parties regarding said component as to each remaining Defendant. (d/e 129, pp. 39-69) Defendants quarrel with what specific pieces, whether direct or circumstantial, the Court utilized in making a determination that genuine issues of material fact exist as to knowledge. As discussed

in the Court's Order, at summary judgment, the Court… "draws all reasonable inferences" in the nonmoving party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008). It cannot be overstated that the knowledge argument, and inferences regarding same, is one that is directly rehashed from Defendants' motion for summary judgment, which was denied. (d/e 120). As previously discussed, a motion for reconsideration is not a proper vehicle to reallege similar arguments that were rejected when initially pled. Ahmed v. Ashcroft, 388 F. 3d 247, 251 (7th Cr. 2004).

As to Defendants' claim regarding Defendants Cox and Lounsberry, the Court again declines to reconsider its prior Order denying summary judgment. The arguments made by Defendants are very similar in nature to those in their dispositive motion and reply brief. Most notably, Defendants argue there is no direct or circumstantial evidence to prove that Defendants had any reason to know any assault was occurring in Plaintiff's cell, and thereby lack connection to Plaintiff's claims. (d/e 103). However, as discussed in this Court's prior Order, the facts must be reviewed in the light most favorable to Plaintiff. Of note, if the assault at issue was indeed loud enough to awaken an individual in custody 10 feet away, the

Defendants reasonably could have heard the same noises. This inference regarding the volume during the assault is indeed a dispute of material fact and precludes summary judgment.

In Defendants' Motion to Reconsider, Defendants re-advance this argument, although with more specific and additional case law. Specifically, the Defendants point out the lack of evidence that Defendants Cox and Loundsberry knew an assault was occurring and Plaintiff's speculation about what the Defendants should, or could, have heard if they were conducting rounds effectively. (d/e 135 p. 6). Defendants' cited case law regarding a failure to protect claim on a Fourteenth Amendment standard is not controlling on this court. Plaintiff's speculation regarding how officers conduct rounds in her experience is not dispositive as to how these two particular Defendants conducted their rounds on the date in question. However, the Defendants' arguments with additional support do not point to the Court misapplying the law in this instance. This request to reconsider will be denied.

## CONCLUSION

In ruling on Defendants' Motion for Summary Judgment, this Court utilized over 20 pages in developing and providing a factual

record. This factual record, the applicable standard, and the briefs in support of and against Defendants Motion for Summary Judgment result in many disputed issues of material fact. Further, this Court is unmoved by Defendants arguments as to any manifest error of its application of the law or fact. Therefore, Defendants' Motion for Reconsideration (d/e 135) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: January 2, 2024.**
**FOR THE COURT**

                                                                                    /s/ Sue E. Myerscough
                                                                                    **SUE E. MYERSCOUGH**
                                                                                     **UNITED STATES DISTRICT JUDGE**