IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HALEY METCALF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 18-cv-3260 SEM-KLM |
| | ) |
| MAGGIE BURKE, et al, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION *IN LIMINE* #8

COME NOW Defendants, MARGARET BURKE, BEATRICE CALHOUN, GUY CARTER, AADAM COX, JOSH EDWARDS, JUSTIN GANNON, KELBY JASMON, BRANDON LOUNSBERRY, CHRISTOPHER LYNCH, TODD SEXTON, TROY SINGLETON, LEGNA VELAZQUEZ, ANNETTE VEECH, NICOLE VEECH (now PRICE), and ANGEL WILSON, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and seek the following pretrial order to limit the evidence and arguments to be allowed during trial in this matter[1]:

Based on an email from Plaintiff's counsel on January 16, 2024, Defendants anticipate Plaintiff will attempt to introduce inadmissible evidence at trial concerning subsequent, unrelated investigation(s) and/or evidence or testimony that witness Myron Neisler, who was designated by Defendants pursuant to Federal Rule 30(b)(6) to testify as to training IDOC employees about sexual harassment, sexual abuse, and sexual assault, is himself the subject of a Prisoner Rape Elimination Act ("PREA") investigation. Defense counsel also learned during trial preparation that a Defendant needed to supplement his interrogatory responses related to discipline. Therefore, Defendants submit this motion *in limine* in an effort to facilitate an orderly process at trial.

---

[1] Motions in limine were due by December 7, 2023 per the Court's order (Doc. 145). This motion addresses matters brought to counsel's attention after that deadline.

**Defendant's Motion *in Limine* #8**

Plaintiff should be barred from referring to, mentioning, and/or using the unrelated Neisler investigation and should be further barred from questioning Plaintiff, Defendants, and any proposed witnesses regarding an investigation and/or allegations concerning sexual misconduct allegations by Mr. Neisler. Plaintiff should also be barred from offering evidence that one of the Defendants was suspended for sexual harassment of another officer. Such information is irrelevant, and even if relevant, the danger of unfair prejudice, misleading the jury, and confusing the issues far outweigh the probative value of such evidence. Such testimony would not be relevant under Federal Rule 401, is unfairly prejudicial under Federal Rule 403, and constitutes inadmissible character evidence under Rule 404(b).

In *Duran*, plaintiffs brought a §1983 complaint against the town and multiple officers alleging the officers used excessive force, falsely arrested them, deprived them of equal protection, and asserted state-law claims. *Duran v. Town of Cicero*, 653 F. 3d 632, 635 (7th. Cir. 2011). The court granted one of the defendant's (Officer Vitalo) motion *in limine* seeking to limit the introduction and reference to prior misconduct complaints. *Id.* at 645. Even after the door was arguably opened, the district court judge again declined to allow the evidence stating "the danger of confusion and of unfair prejudice to the other defendants would outweigh the probative value as to the defendant Vitalo." *Id.* On appeal, the Seventh Circuit affirmed the exclusion of this evidence. *Id.* The Seventh Circuit noted that the district court has significant leeway when conducting an analysis under 404(b). *Id.* The Court further stated that, based upon the specific allegations of misconduct against Vitalo, "there was potential for prejudicial 'spillover' effect" on all the defendants. *Id.* Finally, the Court stated that even though Vitalo arguably opened the door to the evidence, "the Rules of Evidence do not simply evaporate when one party opens the door on an issue." *Id.* (quoting *Manuel v. City of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003)).

Here, Plaintiff seeks to utilize a current investigation into allegations of sexual misconduct

by Mr. Neisler, concerning another individual in custody, which is ongoing and has not been substantiated. (*See* Plaintiff's email to the Court dated January 16, 2024). Such investigation, which occurred almost seven years *after* the allegations in this case, concerns sexual misconduct between a staff member and individual in custody, does not concern Plaintiff, is ongoing, and is unsubstantiated, is irrelevant under Federal Rule 401 to Plaintiff's claims of sexual assault and failure to protect in this matter, and even if deemed relevant, should be deemed inadmissible under Federal Rule 403 as unfairly prejudicial. Further, Defendants contend such evidence would be impermissible under Federal Rule 404(b) as improper character evidence. Similarly, evidence that a Defendant was disciplined at work also irrelevant and unduly prejudicial. Although both the claim in this case and the discipline were based on sexual matters, the underlying claim involves inmate on inmate violence and the other misconduct is between co-workers. The currently unsubstantiated claim being investigated involves staff and inmate.

Further, allowing Plaintiff to suggest that other, non-party individuals may be involved in sexual misconduct where Defendants do not seek to introduce the investigation or its outcome to demonstrate their innocence and where there has been no allegation or testimony that Defendants themselves were involved in the misconduct would unduly prejudice the jury by suggesting any alleged misconduct or lackluster response regarding the misconduct be imputed onto Defendants and/or how they allegedly mistreated Plaintiff in this instance. The IDOC and the 30(b)(6) witness are not on trial, and there are no claims regarding Mr. Neisler himself. (Doc. 48). As such, the potential for a prejudicial "spillover," like in *Duran*, exists; however, in this instance, it is even more concerning, as the Defendants here had no control over the alleged bad act (i.e. Neisler's alleged sexual misconduct). *See also Gonzalez v. Olsen*, 2015 U.S. Dist. LEXIS 76203, at *57-58 (N.D. Ill. June 12, 2015) (granting, in part, a motion *in limine* seeking to bar a plaintiff's argument that an underlying investigation was biased or otherwise deficient and barring any criticism of the investigation, noting "[t]he Court will not permit a 'trial of the IPRA investigation within the

context of the trial in this case concerning Plaintiff's claims against the three police officer Defendants."). Unlike in *Gonzalez*, there are no known statements provided within the investigation that may be admissible for impeachment or a party admission since the investigation is brand new and ongoing. *Id*. at 57.

Here, Plaintiff released the information concerning the alleged sexual misconduct days before the trial. There is no conviction which can be used to impeach under Federal Rules of Evidence 609. Any offers to use the investigation also is hearsay. *See* Fed. R. Evid. 801, 802. No exception to the hearsay rules permits such statements to be used as evidence. *See* Fed. R. Evid. 803, 804. This is inadmissible character evidence, whether offered against Neisler or the Defendants. Fed. R. Evid. 404. It is also irrelevant and highly prejudicial, relating to alleged misconduct between a staff member and an individual in custody, where the case at bar concerns an attack by one inmate against another.

Any suggestion or reference into the ongoing investigation is unduly prejudicial since Defendants have not had the ability to inquire into a matter in which there has been little or no factual development. Defendants had no opportunity to know what is being alleged against them and therefore have had no chance to prepare a defense. As for Mr. Neisler, he may have Fifth Amendment issues if he is questioned about those allegations.

Plaintiff should not be permitted to mislead or distract the jury with a mini-trial regarding the IDOC investigation into Mr. Neisler's alleged sexual misconduct that is nearly seven years after the incident alleged by Plaintiff, concerns Staff and prisoner assault, and where the only claims in Plaintiff's complaint relate to whether Defendants or failed to protect Plaintiff. As such evidence is unduly prejudicial and irrelevant, such is not authorized by the Federal Rules of Evidence and should be barred.

Evidence related to the Defendant's suspension for sexual harassment is also irrelevant and unduly prejudicial and should be barred. There are no allegations in this case that any Defendant

engaged in sexual harassment of inmates or staff. The disciplinary action has no relation to Plaintiff's claims.

## Conclusion

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable Court enter an order 1) barring introduction of investigations not related to the claims in this matter, specifically the current ongoing investigation of Myron Neisler, 2) precluding Plaintiff from eliciting any testimony or introducing evidence regarding the any alleged sexual misconduct by Myron Neisler and 3) barring any evidence of a Defendant's suspension for sexual harassment.

Respectfully submitted,

MARGARET BURKE, BEATRICE CALHOUN, GUY CARTER, AADAM COX, JOSH EDWARDS, JUSTIN GANNON, KELBY JASMON, BRANDON LOUNSBERRY, CHRISTOPHER LYNCH, TODD SEXTON, TROY SINGLETON, LEGNA VELAZQUEZ, ANNETTE VEECH, NICOLE VEECH (now PRICE), and ANGEL WILSON,

Defendants,

Jeanine Armstrong, #6271105
Assistant Attorney General
201 West Pointe Dr., Ste 7
Swansea, Illinois 62226
Phone:  (618) 236-8784
Fax:    (618) 236-8620
Email: Jeanine.Armstrong@ilag.gov
gls@ilag.gov

KWAME RAOUL, Attorney General,

Attorney for Defendants,

By:    s/Jeanine Armstrong
       Jeanine Armstrong, #6271105

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| HALEY METCALF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 18-cv-3260 SEM-KLM |
| ) | |
| MAGGIE BURKE, et al, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2024, the foregoing document, ***Defendants' Motion in Limine #8***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A Schmutzer     david@kaplangrady.com
Howard Kaplan          howard@kaplangrady.com
Sarah C Grady           sarah@kaplangrady.com
Terah Tollner             terah@kaplangrady.com

s/Jeanine Armstrong
Jeanine Armstrong, #6271105
Assistant Attorney General
Office of the Attorney General
201 West Pointe Dr., Ste 7
Swansea, Illinois  62226
Phone:  (618) 236-8784
Fax: (618) 236-8620
Email: Jeanine.Armstrong@ilag.gov
gls@ilag.gov