## Jury Instruction 1

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

## Jury Instruction 2

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning actions and knowledge by one Defendant that were unknown to the other Defendants only in the case against the first Defendant. You must not consider it against any other party.

## Jury Instruction 3

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about or on what the outcome of the case should be.

## Jury Instruction 4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

## Jury Instruction 5

It is proper for a lawyer to meet with any witness in preparation for trial.

## Jury Instruction 6

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to

discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## Jury Instruction 7

You must not speculate on the reasons why witnesses or other entities were not or are not now Defendants. Instead, you must decide Plaintiff's claims against the Defendants based on these instructions.

## **Jury Instruction 8**

Defendants are being sued as individuals acting in the scope of their employment with the Illinois Department of Corrections. Neither the Illinois Department of Corrections nor the State of Illinois is a party to this lawsuit.

## Jury Instruction 9

Plaintiff must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold a Defendant liable for what other employees did or did not do.

## **Jury Instruction 10**

You have heard evidence about whether one or more Defendants' conduct violated procedures at Logan Correctional Center and/or the Prison Rape Elimination Act (PREA). You may consider this evidence in your deliberations. But remember that the issue is whether each Defendant was deliberately indifferent in failing to protect Plaintiff from harm, not whether a prison procedure or PREA regulation might have been violated.

## <u>Jury Instruction 11</u>

During the trial, certain testimony was presented to you by the reading of a deposition or by showing a video-recorded deposition. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## Jury Instruction 12

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## Jury Instruction 13

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## <u>Jury Instruction 14</u>

During the course of this trial, I may have instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## Jury Instruction 15

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## Jury Instruction 16

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## Jury Instruction 17

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## Jury Instruction 18

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## Jury Instruction 19

In this case, Plaintiff was an incarcerated individual throughout the relevant period. All parties are equal before the law. An incarcerated individual is entitled to the same fair consideration that you would give any individual person.

## Jury Instruction 20

You have heard evidence that Plaintiff and other witnesses have been convicted of a crime. You may consider this evidence only in deciding whether their testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

## Jury Instruction 21

Ms. Fleming has invoked her right to remain silent under the Fifth Amendment to the United States Constitution. In a civil case like this one, you may draw an inference against Ms. Fleming as a result of her decision to invoke her Fifth Amendment right instead of testifying, and you may, but are not required to, assume that any response that Ms. Fleming might have given to the questions asked would have been unfavorable to her by incriminating her.

## Jury Instruction 22

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## Jury Instruction 23

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## <u>Jury Instruction 24</u>

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## Jury Instruction 25

You must give separate consideration to each claim and each party in this case. Although there are multiple Defendants, it does not follow that if one is liable, any of the others is also liable.

## <u>**Jury** Instruction 26A</u>

Certain exhibits admitted into evidence contain redactions. You should not guess or speculate what the redacted information contains.

## Jury Instruction 27 (

If you find in favor of the Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct.

Plaintiff must prove damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical, mental, and emotional pain and suffering Plaintiff experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical,

mental, or emotional pain and suffering needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injuries she sustained.

## Jury Instruction 28

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

## Jury Instruction 29

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## Jury Instruction 30

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, TikTok, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law

34

presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

## Jury Instruction 31

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the

facts.

The verdict form reads as follows.

## <u>Jury Instruction 32</u>

To succeed on her claim regarding a failure to protect her from harm by another prisoner, Plaintiff must prove each of these four things by a preponderance of the evidence:

1.    There was a strong likelihood that Plaintiff would be seriously harmed as the result of an assault. A mere possibility of harm is not a strong likelihood.

2.    The Defendant under consideration was aware of this strong likelihood that Plaintiff would be seriously harmed as the result of an assault, another prisoner would seriously harm a prisoner in Plaintiff's situation, or strongly suspected facts showing a strong likelihood that Plaintiff herself or a prisoner in Plaintiff's situation would be seriously harmed but refused to confirm whether these facts were true. You may infer this from the fact that the risk was obvious.

3.    The Defendant under consideration consciously failed to take reasonable measures to prevent the assault. In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant to take corrective action, and whether Defendant had legitimate reasons related to safety or security for failing to take additional corrective action.

4.    Plaintiff would not have been harmed or would have suffered less harm if Defendant had taken reasonable measures.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence as to any Defendant, then

you must find for the Defendant under consideration, and you will not consider the question of damages as to that Defendant.

## Jury Instruction 33

If you find that punitive damages are appropriate you must use sounds reason in setting the amount of those damages. Punitive damages should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on the Plaintiff;

- the relationship between Plaintiff and the Defendants;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive
  damages to the amount of actual harm the
  Plaintiff suffered.

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HALEY METCALF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-3260 |
| | ) | |
| MAGGIE BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Sue E. Myerscough |

**1. We, the jury, find as follows on Plaintiff's claims:**
(*Place an "X" on the appropriate line for each Defendant.*)

| | For Plaintiff | | For Defendant |
|---|---|---|---|
| Margaret Burke | _____ | or | _____ |
| Guy Carter | _____ | or | _____ |
| Josh Edwards | _____ | or | _____ |
| Justin Gannon | _____ | or | _____ |
| Kelby Jasmon | _____ | or | _____ |
| Todd Sexton | _____ | or | _____ |
| Troy Singleton | _____ | or | _____ |
| Annette Veech | _____ | or | _____ |
| Nicole Veech (Price) | _____ | or | _____ |
| Legna Velazquez | _____ | or | _____ |
| Angel Wilson | _____ | or | _____ |

**2. We fix Plaintiff's compensatory damages, if any, as follows:**

$ _____.

-1-

**3. We fix Plaintiff's punitive damages, if any, as follows:**

[*Answer only if you found "For Plaintiff" for that Defendant in question 1 above.*]

Margaret Burke        $ _____

Guy Carter            $ _____

Josh Edwards          $ _____

Justin Gannon         $ _____

Kelby Jasmon          $ _____

Todd Sexton           $ _____

Troy Singleton        $ _____

Annette Veech         $ _____

Nicole Veech (Price)  $ _____

Legna Velazquez       $ _____

Angel Wilson          $ _____

**We, the jury, having reached unanimous agreement on Plaintiff's claims, sign below.**

Date: _____

_____          _____
Presiding Juror


_____          _____


_____          _____


_____          _____


_____          _____


_____