IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HALEY METCALF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-3260-SEM-KLM |
| ) | |
| MAGGIE BURKE, et al., ) | |
| ) | |
| Defendants. ) | Hon. Sue E. Myerscough |

## PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST

Plaintiff, HALEY METCALF, by and through her attorneys, KAPLAN & GRADY, hereby respectfully requests that this Court award prejudgment interest on the jury's award of $2 million in compensatory damages.[1]

As explained below, under applicable law, prejudgment interest on compensatory damages, from February 5, 2017, the date she was raped, to February 5, 2024, the date judgment was entered, totals $824,234.51.

## BACKGROUND

Plaintiff Haley Metcalf obtained a successful jury verdict against five Defendants for their deliberate indifference to her safety, which resulted in her brutal rape in the early hours of February 5, 2017. Judgment was entered on February 5, 2024—exactly seven years later—and the jury awarded Plaintiff $2 million in compensatory damages and $2.35 million in punitive damages. (Dkt. 189, 191.) In the seven full years since she was raped, Plaintiff has gone without any

---

[1] Plaintiff does not move separately for post judgment interest because civil litigants are entitled to that interest automatically by federal statute, 28 U.S.C. § 1961(a). *Pace Commc'ns, Inc. v. Moonlight Design, Inc*., 31 F.3d 587, 591 (7th Cir. 1994) (explaining plaintiff's reference to post judgment interest was "unnecessary" and express awards of post judgment interest are "superfluous.").

compensation for the pain and suffering that Defendants caused her.

## ARGUMENT

The Seventh Circuit has long recognized that prejudgment interest is *presumptively* available to victims of federal law violations. *Gorenstein Enters., Inc. v. Quality-Care USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989); *see Matter of Milwaukee Cheese Wisc., Inc.*, 112 F.3d 845, 849 (7th Cir. 1997) ("[P]rejudgment interest should be awarded unless there is a sound reason not to do so."). Without prejudgment interest, "compensation of the plaintiff is incomplete and the defendant has an incentive to delay." *Gorenstein*, 874 F.2d at 436; *see Matter of Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d at 849 ("Compensation deferred is compensation reduced by the time value of money. . . . Delay is a reason to award interest, not to avoid interest; the longer the case lasts, the more of the stakes the defendant keeps even if it loses (and the less the victorious plaintiff receives), unless interest is added."). Moreover, the presumption of prejudgment interest is not limited to awards of economic damages. *See Hillier v. S. Towing Co.*, 740 F.2d 583, 586 (7th Cir. 1984) (observing in an admiralty case that the law permits for an "award of prejudgment interest on intangible damages"); *DeMauro v. Loren-Maltese*, No. 98 C 8318, 2007 WL 9821268, at *3 (N.D. Ill. Sept. 25, 2007) (concluding *Hillier* is not limited to admiralty cases); *see also Valencia v. City of Springfield*, No. 16-cv-03331, 2023 WL 8827687, at *18 (C.D. Ill. Dec. 5, 2023) (noting prejudgment interest for emotional damages is discretionary). Indeed, district courts in this Circuit have awarded prejudgment interest in deliberate indifference cases like this one. *See, e.g.*, *Tate v. Troutman*, 683 F. Supp. 2d 897, 913 (E.D. Wis.) (awarding prejudgment interest on compensatory award for pain and suffering caused by defendants' deliberate indifference to plaintiff's medical needs), *aff'd sub nom. Tate v. Riegert*, 380 F. App'x 550 (7th Cir. 2010).

Plaintiff therefore requests that this Court compensate her properly for the seven years she

pursued resolution of her case by awarding prejudgment interest on her compensatory damages.

### A. Plaintiff is due prejudgment interest on her compensatory damages.

Prejudgment interest on Plaintiff's compensatory damages is necessary to truly compensate Plaintiff for her injuries. *See City of Milwaukee v. Cement Div., Nat'l Gypsum, Co.*, 515 U.S. 189, 197 (1995) ("Prejudgment interest is not awarded as a penalty; it is merely an element of just compensation."); *Loeffler v. Frank,* 486 U.S. 549, 558 (1988) ("Prejudgment interest, of course, is an element of complete compensation.") (internal quotation marks omitted). Failing to award Plaintiff prejudgment interest would undervalue Plaintiff's pain and suffering. *See Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) ("Non-economic damages awarded for a plaintiff's pain and suffering are just as much an actual loss (for which prejudgment interest is in order) as purely economic damages.") (internal quotation marks omitted); *see also id.* (holding district court abused its discretion by denying prejudgment interest because it wrongly concluded prejudgment interest was only available for economic damages).

In fact, Illinois recognizes that noneconomic injuries are no different for the purposes of prejudgment interest and thus specifically provides for prejudgment interest in tort actions. *See* 735 ILCS 5/2-1303(c) ("In all actions brought to recover damages for personal injury or wrongful death resulting from or occasioned by the conduct of any other person or entity, whether by negligence [or] willful and wanton misconduct, intentional conduct . . . the plaintiff shall recover prejudgment interest on all damages, except punitive damages, sanctions, statutory attorney's fees, and statutory costs, set forth in the judgment.") Plaintiff should be similarly compensated for her noneconomic damages caused by Defendants' constitutional torts. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986) ("[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the

common law of torts.") (internal quotation marks omitted). The rape and weeks of sexual abuse that Plaintiff suffered are harms just as worthy of compensation as another plaintiff's financial loss. *See Thomas v. Texas Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002) ("Prejudgment interest should apply to all past injuries, including past emotional injuries.")

    **B. Prejudgment interest is properly calculated using the average of reported federal prime rates from the date Plaintiff was raped to the date judgment was entered, compounded monthly.**

The Court should award prejudgment interest for compensatory damages in the typical manner. First, interest should be awarded from the time the claim accrued until judgment was entered. *West Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987); *FDIC v. Chi. Title Ins. Co.*, 12 F.4th 676, 694 (7th Cir. 2021). Here, that is a period of 84 months, from Plaintiff's rape on February 5, 2017, and the entry of judgment on February 5, 2024. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (claims accrue when plaintiff can file suit and obtain relief); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (claims accrue "when a plaintiff knows the fact and the cause of an injury").

Second, the interest should be calculated using the average federal prime rate during the period at issue. The federal prime rate is the benchmark for prejudgment interest. *Frey v. Coleman*, 903 F.3d 671, 682 (7th Cir. 2018); *First Nat'l Bank of Chi. v. Standard Bank & Tr.,* 172 F.3d 472, 480 (7th Cir. 1999) ("We hold today that to set aside this practice and award something other than the prime rate is an abuse of discretion, unless the district court engages in such a refined calculation."). To account for fluctuations of the federal prime rate, courts in the Seventh Circuit apply an average of the federal prime rate during the entire time period. *Trading Techs. Int'l, Inc. v. IBG LLC*, No. 10 C 715, 2022 WL 103894, at *4 (N.D. Ill. Jan. 11, 2022) (collecting Seventh Circuit authority for use of average federal prime rate). Using data from the Federal Reserve's

online FRED database, the average prime rate between February 5, 2017, and February 5, 2024, is 4.94% *See* fred.stlousfed.org.

Finally, the interest awarded should be compounded during the relevant period. Compound prejudgment interest "is the norm in federal litigation." *Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 937–38 (7th Cir. 2003). Whether to award compounded interest and how frequently the interest is to be compounded is left to the Court's discretion. *See id.* Plaintiff requests monthly-compounded interest. *See Vega v. Chi. Park Dist.*, 351 F. Supp. 3d 1078, 1096 (N.D. Ill. 2018) (awarding prejudgment interest compounded monthly), *aff'd*, 954 F.3d 996 (7th Cir. 2020).

Applying these rules, Plaintiff is due $824,234.51 in prejudgment interest.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion and award Plaintiff $824,234.51 in prejudgment interest on her compensatory damages award.

    Respectfully submitted,

    /s/ *Howard Kaplan*
    Attorney for Plaintiff

Sarah Grady
Howard Kaplan
David Schmutzer
Terah Tollner
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
(312) 852-2184
howard@kaplangrady.com

## **CERTIFICATE OF SERVICE**

      I, Howard Kaplan, an attorney, hereby certify that on March 6, 2024, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

      Respectfully submitted,

      /s/ Howard Kaplan
      Attorney for Plaintiff