# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| HAILEY METCALF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )  Case No. 18-CV-3260 |
| | ) |
| MAGGIE BURKE, et. al, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court are Plaintiff's Motion for Prejudgment Interest, Defendants' Response and Plaintiff's Reply. (d/e 196, 206, 212). For the following reasons, Plaintiff's Motion (d/e 196) is GRANTED.

## BACKGROUND

Plaintiff Hailey Metcalf, a former inmate at Logan Correctional Center ("Logan"), pursued claims arising from a sexual assault by her roommate, Jennifer Fleming ("Fleming"), and Defendants' alleged failure to protect her from said assault. Fleming was moved from a disciplinary housing unit to general population in early 2017 and was housed with Plaintiff and two other roommates in a four-person room. Soon after Fleming's placement, Plaintiff complained about

Fleming to multiple Defendants in early 2017. In addition, Plaintiff's mother called the facility to try to get Plaintiff protection from Fleming. After these complaints, Fleming violently raped Plaintiff in February 2017 which required Plaintiff to undergo surgery.

Plaintiff filed this civil rights action in 2018 and alleged Eighth Amendment failure to protect claims against the Defendants. After an eight-day trial in January 2024, the jury found against Defendants Burke, Carter, Gannon, Singleton, and Wilson, awarding $2 million dollars in compensatory damages and over $2 million dollars in punitive damages to Plaintiff.  See d/e 191. Plaintiff now seeks prejudgment interest for a period of seven years. (d/e 196, 212). Defendants oppose the award of prejudgment interest. (d/e 206).

## ANALYSIS

It is within the discretion of the district court to award prejudgment interest. *Frey v. Hotel Coleman*, 903 F.3d 671, 682 (7th Cir. 2018); *Pickett v. Sheridan Health Care Ctr.*, 813 F.3d 640, 647 (7th Cir. 2016). However, there is a presumption in favor of awarding it to victims of federal law violations in appropriate cases. *Shott v. Rush-Presbyterian-St. Luke's Med Ctr.*, 338 F.3d 736, 745 (7th Cir.

2003). Prejudgment interest serves the purpose of "restoring a plaintiff to the position he should have been in but for the violation" of his rights under federal law. *Frey*, 903 F.3d at 682. Without prejudgment interest, compensation of the plaintiff is typically considered incomplete. *Id.* (quoting *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.,* 874 F.2d 431, 436 (7th Cir. 1989). Unless there is a "sound reason not to do so," prejudgment interest should be awarded. *Matter of Milwaukee Cheese, Wisconsin, Inc.,* 112 F.3d 845, 849 (7th Cir. 1997).

Sound reasons to deny prejudgment interest include a "[s]ubstantial, unexplained delay in filing suit." *Valencia v. City of Springfield, Ill.*, 2023 U.S. Dist. LEXIS 215960, 2023 WL 8827639 (C.D. Ill. Dec. 5, 2023) (quoting *Williamson v. Handy Button Machine Co.,* 817 F.2d 1290 (7th Cir. 1987)). Further, a district court has discretion to deny prejudgment interest where it finds that special or peculiar circumstances would render such an award inequitable. *Central Rivers Towing v. City of Beardstown,* 750 F.2d 565, 574 (7th Cir. 1984); *Hillier v. Southern Towing Co.*, 740 F.2d 583 (7th Cir. 1984). Examples of circumstances include: (1) unreasonable delay in filing the action by the party seeking prejudgment interest; (2) false

or frivolous claims; (3) the inability to determine liability and the extent of damages eligible for an award of prejudgment interest; and (4) the mutual fault of the parties. *Id.*

Defendants argue prejudgment interest is inappropriate here because there is no way to determine what portion of the compensatory damages award is eligible for interest to be calculated and from which date to calculate said interest. This is because prejudgment interest is only available for past injuries and not future injuries. (d/e 206, p. 2). Defendants note that Plaintiff sought an award of compensatory damages for both past and future injuries. *Id.* However, the jury verdict form did not itemize per type of injury, but instead requested one general amount. (d/e 189). Therefore, Defendants argue, because the fact finder that awarded this amount is no longer available to provide the breakdown for past and future injuries, the Court should not award any amount.

Plaintiff argues the Court has substantial discretion in providing a prejudgment interest amount, that caselaw entitles Plaintiff to said interest and that interest is warranted given the facts in this matter. This Court agrees. Plaintiff's Motion for Prejudgment Interest calculated the average prime rate between February 5, 2017,

and February 5, 2024, as 4.94%. (d/e 196, p. 4). The Seventh Circuit has held that the federal prime rate is the benchmark for prejudgment interest. *Frey v. Coleman*, 903 F.3d 671, 682 (7th Cir. 2018). The resulting amount of prejudgment interest initially requested by Plaintiff was $824,234.51. (d/e 196, p. 5).

On August 27, 2024, Plaintiff filed a reply brief. Plaintiff provides the Court with a new figure to consider in determining prejudgment interest. (d/e 212). This figure is based on the categories of damages Plaintiff provided for the jury to consider during closing argument. Plaintiff presented 5 categories of injuries for the jury to consider: (1) harassment, abuse and ignored reports, (2) rape, (3) extended incarceration, (4) physical injury, and (5) impairments from post-traumatic stress disorder. According to Plaintiff, the first four categories cover past injuries and the suggested damage amounts account for 65% of the total amount of compensatory damages suggested to the jury in closing argument.

Therefore, Plaintiff argues that 65% of the $2 million compensatory damages awarded, $1,300,000, should be utilized in determining the appropriate prejudgment interest amount. This amount when calculated using the average federal prime rate and

compounded monthly, provides the final figure Plaintiff suggests, $535,752.43.

In this case, Plaintiff was awarded $2 million in compensatory damages. (d/e 189). This award was not based on one determinable item of damages. Rather, Plaintiff was awarded this figure after counsel for the Plaintiff asked the jury to compensate her for harassment, abuse, ignored reports, sexual assault, additional time in prison, physical injuries, and future impairments from Post Traumatic Stress Disorder. These categories were shown on Plaintiff's PowerPoint presentation during closing arguments, and each had a suggested monetary amount. (d/e 206, p. 24-25). The past injury categories totaled approximately $9 million out of the $15 million requested by Plaintiff.

Many of the arguments made by counsel in closing, and much of the evidence presented at trial, focused on Defendants actions or inaction and the assault that occurred in 2017. These arguments and evidence were directly tied to past injuries versus those Plaintiff was likely to experience in the future. It is reasonable that the jury focused on the past injuries of the Plaintiff, especially the violent sexual assault perpetrated by Fleming.

The Court will exercise its discretion and finds that Plaintiff is indeed entitled to prejudgment interest. Further, the Court will award prejudgment interest in the amount suggested by the Plaintiff of $535,752.43, which includes compounded interest, calculated monthly.

## CONCLUSION

The Court finds that Plaintiff is entitled to prejudgment interest in the instant matter for her past injuries. Further, that the period that prejudgment interest applies in this matter is from the date of the assault, February 5, 2017, through February 5, 2024. Therefore, Plaintiff's Motion for Prejudgment Interest (d/e 196) is GRANTED. The Clerk is DIRECTED to enter an Amended Judgment reflecting prejudgment interest in the amount of $535,752.43.

**IT IS SO ORDERED.**
**ENTERED: September 23, 2024.**
**FOR THE COURT**

                                      */s/ Sue E. Myerscough*
                                      **SUE E. MYERSCOUGH**
                                      **UNITED STATES DISTRICT JUDGE**